# EXIBIT A



June 23, 2005

Writer's Extension: 2713
bhundertmark@garsonlaw.com
www.garsonlaw.com

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7000 1670 0004 0164 1696**
Gotta Run, LLC
Registered Agent: Gary W. Lonergan, Esquire
115 Oronoco Street
Alexandria, Virginia 22314

Re:    *Princeton Running Company, Inc. v. Andre Williams, et al.*
        Case Number: 03-0002710

Dear Mr. Lonergan:

As you may be aware, the Court in the above-referenced matter has granted the plaintiff's request to add Gotta Run, LLC as a party defendant. Accordingly, enclosed is a service copy of the Summons and Complaint in the matter.

For your convenience, I have also enclosed copies of the following documents from the case file:

1.    The parties' Rule 26(b)(4) Statements.
2.    The parties' Witness Lists.
3.    The Amended Complaint filed against Andre Williams on August 18, 2004 and Mr. Williams' Answer.
4.    The parties' Joint Pretrial Statement.
5.    The Court's Pretrial Order.
6.    The Court's scheduling of an October 11, 2005 trial date.

You will note that some documents refer to a "counter" plaintiff and defendant. At one stage in the litigation a counterclaim existed. However, this counterclaim was dismissed.

Please contact me with any comments or questions. Thank you.

Very truly yours,

Brian J. Hundertmark

Garson | Claxton LLC
Attorneys At Law
7910 Woodmont Avenue
Suite 650
Bethesda, MD 20814
P 301.280.2700
F 301.280.2707

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

*Plaintiff*

VS.

Civil Action No. _____

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

_____
Name of Plaintiff's Attorney

_____
Address

_____

_____
Telephone

By _____
                              Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC. )
3401 M Street, N.W. )
Washington, D.C. 20007 )
 )
  Plaintiff, )
 )
v. ) Case No.  03-0002710
 ) Calendar No. 14
ANDRE WILLIAMS ) Judge Frederick H. Weisberg
1321 Troy Street )
Apartment 2 )
Arlington, Virginia 22201 )
 )
and )
 )
GOTTA RUN, LLC )
Registered Agent Gary W. Lonergan )
115 Oronoco Street )
Alexandria, Virginia 22314-2015 )
 )
  Defendants. )
_____)

RECEIVED
Civil Clerk's Office
JUN 2 1 2005
Superior Court of the
District of Columbia
Washington, D.C.

AMENDED COMPLAINT

Plaintiff Princeton Running Company, Inc., d/b/a Georgetown Running Company, by and through

undersigned counsel, amends its complaint against Defendant Andre Williams and Gotta Run, LLC

as follows:

Nature of the Action

1. This is an action for injunctive and monetary relief based on Defendants' fraud, misuse of

trade secrets, and breach of the duty of loyalty to employer.

–2–

## Parties and Jurisdiction

2.     Plaintiff is a Pennsylvania corporation, registered and in good standing in the District of

Columbia, with a retail location in the District of Columbia.

3.     Defendant Andre Williams ("Williams") is an adult individual residing in the

Commonwealth of Virginia, who has transacted business in the District of Columbia leading

to this Complaint, contracted to supply services in the District of Columbia leading to this

Complaint, and caused tortious injury in the District of Columbia by his actions both within

and outside the District of Columbia leading to this Complaint.

4.     Defendant Gotta Run LLC ("Gotta Run") is a limited liability company organized in the

Commonwealth of Virginia whose predecessor-in-interest is a partnership between

Defendant Williams and Peter Sherry, which partnership has transacted business in the

District of Columbia leading to this Complaint, contracted to supply services in the District

of Columbia leading to this Complaint, and caused tortious injury in the District of Columbia

by actions both within and outside the District of Columbia leading to this Complaint.

5.     This Court has jurisdiction over this matter pursuant to D.C. Code Section 13-423(a)(1)

(2003) because, among other reasons, Plaintiff is located in the District of Columbia and the

allegations arise from Defendant Williams' employment by Plaintiff in the District of

Columbia and from Defendant Gotta Run's actions in the District of Columbia.

## Facts

6.     Defendant Williams was employed by Plaintiff on December 1, 2000 to serve as the manager

of Plaintiff's store in Washington, D.C.

–3–

7.  During the term of his employment, Defendant Williams was given access to Plaintiff's trade secrets and other confidential and proprietary information. This included information regarding the lease for Plaintiff's store location, which included information on the date on which the lease would terminate and the rates Plaintiff was paying to the landlord.

8.  Defendant Williams was made aware that the information and materials to which he was given access were Plaintiff's trade secrets and other confidential and proprietary information, were to be treated accordingly, and were to be used solely for the benefit of Plaintiff.

9.  Defendant Williams left the employ of Plaintiff on November 30, 2002.

10.  Prior to Defendant Williams leaving the employ of Plaintiff, Defendant Williams entered into a business partnership with Peter Sherry for the purpose of opening and operating an athletic shoe store in competition with Plaintiff.

11.  Defendant Williams advised Peter Sherry that Plaintiff's store lease would soon terminate.

12.  Defendant Williams and Peter Sherry, acting as partners on behalf of the business partnership and knowing that Plaintiff's store location lease was soon to expire, contacted the landlord and began negotiations with the landlord to expel Plaintiff from the location and be replaced by the partnership.

13.  Defendant Williams and the partnership's negotiations with the landlord resulted in a bidding war between Plaintiff and a party whose identity Plaintiff did not know at the time, but was in fact the partnership.

14.  Plaintiff was able to procure a new lease for the store location, but only at a rate that was much higher than it would have been had Defendant Williams and the partnership not

–4–

competed with Plaintiff's trade secrets and other confidential and proprietary information.

15.    Plaintiff's new lease cost Plaintiff $296,810.04 more than it would have had Defendant Williams and the partnership not competed with Plaintiff's trade secrets and other confidential and proprietary information.

16.    The partnership was converted into a limited liability company, Gotta Run LLC, in the Commonwealth of Virginia in the spring of 2003.

17.    Pursuant to Virginia law, Defendant Gotta Run is deemed for all purposes the same entity that existed before the conversion and all obligations of the partnership continue as obligations of Defendant Gotta Run.

18.    Subsequent to Defendant Williams' departure from employment with Plaintiff, Plaintiff was informed of Defendant Williams' intent and actions by Plaintiff's landlord.

Count One
Misuse of Trade Secrets

19.    Plaintiff repeats and realleges the allegations and averments set forth in Paragraphs 1 - 18 of this Complaint.

20.    Plaintiff considered the information and material referred to in this Complaint as its trade secrets and confidential and proprietary information and treated them as such.

21.    Defendant Williams was aware that the information and material referred to in this Complaint were Plaintiff's trade secrets and confidential and proprietary information, were to be treated accordingly, and were to be used solely for the benefit of Plaintiff.

−5−

22. Defendant Williams' use of Plaintiff's trade secrets and confidential and proprietary information on behalf of his business partnership for his own benefit, for the benefit of his business partnership, and for Plaintiff's detriment was a misuse of the trade secrets and confidential and proprietary information.

23. Defendant Gotta Run's use of Plaintiff's trade secrets and confidential and proprietary information for the benefit of the business partnership and for Plaintiff's detriment was a misuse of the trade secrets and confidential and proprietary information.

24. Plaintiff has been injured by Defendants' misuse of the trade secrets and confidential and proprietary information in the amount of at least $296,810.04 and will be injured further if Defendants are able to compete with Plaintiff using benefits derived from Plaintiff's information and secrets.

Count Two
Breach of Duty of Loyalty

25. Plaintiff repeats and realleges the allegations and averments set forth in Paragraphs 1 - 24 of this Complaint.

26. Defendant Williams was an employee of Plaintiff.

27. While working as an employee of Plaintiff, Defendant Williams owed a duty of loyalty to his employer.

28. Defendant Williams, on behalf of his business partnership, used his employer's trade secrets and other confidential and proprietary information to assist him to compete against his

–6–

employer for his own benefit, for the benefit of his business partnership, and to his employer's detriment.

29.    Defendants' misuse of trade secrets and competition with the employer took place during business hours when Defendant Williams was supposed to be providing services to Plaintiff.

30.    Defendants' actions breached the duty of loyalty to the employer.

31.    Plaintiff has been injured by Defendants' breach of the duty of loyalty in the amount of least $296,810.04.

WHEREFORE, Plaintiff Georgetown Running Company demands judgment against Defendants Andre Williams and Gotta Run LLC as follows:

1.    On Count One, monetary relief in an amount of at least $296,810.04.

3.    On Count Two, monetary relief in an amount of at least $296,810.04.

Respectfully submitted,

Brian J. Hundertmark (D.C. Bar No. 410355)
Garson Claxton LLC
7910 Woodmont Avenue
Suite 650
Bethesda, Maryland  20814
Date: June 21, 2005          301/280-2700

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC. )
                                   )
       Plaintiff/Counter-Defendant, )
                  RECEIVED )
v.              Civil Clerk's Office )
                    DEC 0 3 2003 )
               Superior Court of the )
ANDRE WILLIAMS    District of Columbia )
                Washington, D.C. )
      Defendant/Counter-Plaintiff. )
_____ )

Case No. 03-0002710
Calendar No. 14
Judge Jeanette Jackson-Clark

PLAINTIFF/COUNTER-DEFENDANT'S
RULE 26(b)(4) STATEMENT - PROPONENT

Plaintiff/Counter-Defendant does not designate an expert witness, but reserves the right to elicit expert testimony from any expert designated by Defendant/Counter-Plaintiff and from fact witnesses who happen to be experts. This statement does not include potential rebuttal experts.

Respectfully submitted,

*Brian J. Hundertmark*
Barry Roberts (D.C. Bar No. 077990)
Brian J. Hundertmark (D.C. Bar No. 410355)
Roberts & Hundertmark, LLP
5028 Wisconsin Avenue, N.W.
Suite 250
Washington, D.C. 20016
202/362-9700

Date: November 26, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Rule 26(b)(4) Statement - Proponent was served this

26th day of November, 2003, via first class, postage prepaid mail upon Harry M. Singleton, Esquire,

2121 K Street, N.W., Suite 800, Washington, D.C. 20037, counsel for Defendant.


Brian J. Hundertmark

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION


Princeton Running Company, Inc.          :
                                         :
        Plaintiff/                       :
          Counter-Defendant,             :
                                         :
v.                                       : C.A. No. 2710-03
                                         : Cal. #14
Andre Williams                           : J. Jackson-Clark
                                         :
        Defendant/                       :
          Counter-Plaintiff.            :
                                         :

**DEFENDANT/COUNTER-PLAINTIFF'S
RULE 26(B)(4) STATEMEMNT**


        Defendant/Counter-Plaintiff does not designate an exper

witness at this time.    However, due to the limited discover

permitted up to this point in time in this matter

Defendant/Counter-Plaintiff reserves the right to name an expert o

experts at a later date.    The Defendant/Counter-Plaintiff als

reserves the right to obtain expert testimony from any expert name

by the Plaintiff/Counter-Defendant.


                            Respectfully submitted,



                            Harry M. Singleton
                            D.C. Bar #214536
                            2121 K Street, NW
                            Suite 800
                            Washington, DC 20037
                            202-291-1781
                            Counsel for Defendant/Counter
                                    Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached Defendant/Counter-Plaintiff's Rule 26(b)(4) Statement was served the 6th day of January, 2004, via first-class mail, postage prepaid, on Brian Hundertmark, 7735 Old Georgetown Road, Suite 550, Bethesda, MD 20814, Counsel for the Plaintiff/Counter-Defendant.

Harry M. Singleton

04-1:dre-1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC.        )
                                       )
        Plaintiff/Counter-Defendant    )
                                       )
v.                                     )     Case No.  03-0002710
                                       )     Calendar No. 14
                                       )     Judge Jeanette Jackson-Clark
ANDRE WILLIAMS                         )
                                       )
        Defendant/Counter-Plaintiff.   )
                                       )
_____  )



PLAINTIFF/COUNTER-DEFENDANT'S
WITNESS LIST

Plaintiff/Counter-Defendant hereby submits its list of witnesses intended to be called at trial.

1.      Banks, Chris

2.      Baum, Larry

3.      Foley, William

4.      Gelardo, Lee

5.      Gotta Run, LLC: officer, director, or managing agent designated by company in response to

        the Notice of Deposition served on the company on November 26, 2003.

6.      Kean, Erik

7.      Lotwis, Robert

8.      Mitchell, Amanda

9.      Mitchell, Eugene

-2-

10.    O'Connell, Sean

11.    Sherry, Peter

12.    Souliotis, John

13.    Williams, Andre

14.    Witnesses called by Defendant/Counter-Plaintiff.

15.    Witnesses for impeachment.

16.    Witnesses referred to in Plaintiff/Counter-Defendant's Rule 26(b)(4) Statement - Proponent


                                    Respectfully submitted,


                                    _Brian J. Hundertmark_
                                    Barry Roberts (D.C. Bar No. 077990)
                                    Brian J. Hundertmark (D.C. Bar No. 410355)
                                    Roberts & Hundertmark, LLP
                                    5028 Wisconsin Avenue, N.W.
                                    Suite 250
                                    Washington, D.C.  20016
Date: November 26, 2003             202/362-9700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff/Counter-Defendant's Witness List was served

this 26th day of November, 2003, via first class, postage prepaid mail upon Harry M. Singleton,

Esquire, 2121 K Street, N.W., Suite 800, Washington, D.C. 20037, counsel for Defendant.


Brian J. Hundertmark

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION


Princeton Running Company, Inc.    :
                                   :
        Plaintiff/                 :
            Counter-Defendant,     :
                                   :
v.                                 : C.A. No. 2710-03
                                   : Cal. #14
Andre Williams                     : J. Jackson-Clark
                                   :
        Defendant/                 :
            Counter-Plaintiff.     :
                                   :


## DEFENDANT'S WITNESS LIST

Defendant/Counter-Plaintiff intends to call the following witnesses at trial:

1.    Defendant, Andre Williams

2.    John Souliotis
      10015 Carpers Farm Court
      Vienna, VA 22182

3.    Peter Sherry
      10603 Runaway Lane
      Great Falls, VA 22066

4.    Eugene F. Mitchell

5.    Any witness called by the Plaintiff, but not objected to by Defendant.

6.    Any witness necessary for impeachment purposes.

Defendant reserves the right to amend and/or supplement its Witness List since discovery is currently ongoing.

Respectfully submitted,


Harry M. Singleton
D.C. Bar # 214536
2121 K Street, N.W.
Suite 800
Washington, DC 20037
Counsel for Defendant
202-261-3575

03-3:dre-31

## CERTIFICATE OF SERVICE

I hereby certify that the attached Defendant's Witness List was mailed via first-class mail, postage prepaid, this 1st day of December, 2003, on the following:

Brian J. Hundertmark
Roberts & Hundertmark, LLP
5028 Wisconsin Avenue, NW
Suite 250
Washington, DC 20016
Counsel for Plaintiff

Harry M. Singleton

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC.    )
3401 M Street, N.W.    )
Washington, D.C.  20007    )
        )
      Plaintiff,    )
        )
v.    )    Case No.  03-0002710
        )    Calendar No. 14
ANDRE WILLIAMS    )    Judge Frederick H. Weisberg
1321 Troy Street    )
Apartment 2    )
Arlington, Virginia 22201    )
        )
      Defendant.    )
_____ )

## AMENDED COMPLAINT

Plaintiff Princeton Running Company, Inc., d/b/a Georgetown Running Company, by and through

undersigned counsel, and with the written consent of the adverse party, amends its complaint against

Defendant Andre Williams as follows:

### Nature of the Action

1.    This is an action for injunctive and monetary relief based on Defendant's fraud, misuse of

trade secrets, and breach of the duty of loyalty to his employer.

### Parties and Jurisdiction

2.    Plaintiff is a Pennsylvania corporation, registered and in good standing in the District of

Columbia, with a retail location in the District of Columbia.

–2–

3.     Defendant is an adult individual residing in the Commonwealth of Virginia, who has transacted business in the District of Columbia leading to this Complaint, contracted to supply services in the District of Columbia leading to this Complaint, and caused tortious injury in the District of Columbia by his actions both within and outside the District of Columbia leading to this Complaint.

4.     This Court has jurisdiction over this matter pursuant to D.C. Code Section 13-423(a)(1) (2003) because, among other reasons, Plaintiff is located in the District of Columbia and the allegations arise from Defendant's employment by Plaintiff in the District of Columbia.

<u>Facts</u>

5.     Defendant was employed by Plaintiff on December 1, 2000 to serve as the manager of Plaintiff's store in Washington, D.C.

6.     During the term of his employment, Defendant was given access to Plaintiff's trade secrets and other confidential and proprietary information. This included information regarding the lease for Plaintiff's store location, which included information on the date on which the lease would terminate and the rates Plaintiff was paying to the landlord.

7.     Defendant was made aware that the information and materials to which he was given access were Plaintiff's trade secrets and other confidential and proprietary information, were to be treated accordingly, and were to be used solely for the benefit of Plaintiff.

8.     Defendant left the employ of Plaintiff on November 30, 2002.

–3–

9.    Defendant, knowing that Plaintiff's store location lease was soon to expire, contacted the landlord and began negotiations with the landlord to expel Plaintiff from the location and be replaced by Defendant.

10.   Defendant's negotiations with the landlord resulted in a bidding war between Plaintiff and a party whose identity Plaintiff did not know at the time, but was in fact Defendant.

11.   Plaintiff was able to procure a new lease for the store location, but only at a rate that was much higher than it would have been had Defendant not competed with Plaintiff's trade secrets and other confidential and proprietary information.

12.   Plaintiff's new lease cost Plaintiff $296,810.04 more than it would have had Defendant not competed with Plaintiff's trade secrets and other confidential and proprietary information.

13.   Subsequent to Defendant's departure, Plaintiff was informed of Defendant's intent and actions by Plaintiff's landlord.

Count One
Misuse of Trade Secrets

14.   Plaintiff repeats and realleges the allegations and averments set forth in Paragraphs 1 - 13 of this Complaint.

15.   Plaintiff considered the information and material referred to in this Complaint as its trade secrets and confidential and proprietary information and treated them as such.

16.   Defendant was aware that the information and material referred to in this Complaint were Plaintiff's trade secrets and confidential and proprietary information, were to be treated accordingly, and were to be used solely for the benefit of Plaintiff.

–4–

17.    Defendant's use of Plaintiff's trade secrets and confidential and proprietary information for his own benefit and for Plaintiff's detriment was a misuse of the trade secrets and confidential and proprietary information.

18.    Plaintiff has been injured by Defendant's misuse of the trade secrets and confidential and proprietary information in the amount of at least $296,810.04 and will be injured further if Plaintiff is able to compete with Defendant using benefits derived from Plaintiff's information and secrets.

Count Two
Breach of Duty of Loyalty

19.    Plaintiff repeats and realleges the allegations and averments set forth in Paragraphs 1 - 18 of this Complaint.

20.    Defendant was an employee of Plaintiff.

21.    While working as an employee of Plaintiff, Defendant owed a duty of loyalty to his employer.

22.    Defendant used his employer's trade secrets and other confidential and proprietary information to assist him to compete against his employer for his own benefit and to his employer's detriment.

23.    Defendant's misuse of trade secrets and competition with his employer took place during business hours when he was supposed to be providing services to Plaintiff.

24.    Defendant's actions breached his duty of loyalty to his employer.

--5--

25.    Plaintiff has been injured by Defendant's breach of his duty of loyalty in the amount of least

$296,810.04.


WHEREFORE, Plaintiff Georgetown Running Company demands judgment against Defendant

Andre Williams as follows:

1.    On Count One, monetary relief in an amount of at least $296,810.04.

3.    On Count Two, monetary relief in an amount of at least $296,810.04.

                                    Respectfully submitted,



                                    _____

                                    Brian J. Hundertmark (D.C. Bar No. 410355)
                                    Garson Claxton LLC
                                    7910 Woodmont Avenue
                                    Suite 650
                                    Bethesda, Maryland  20814
Date: August 18, 2004              301/280-2700

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint was served this 18th day of August, 2004, via first class, postage prepaid mail upon Harry M. Singleton, Esquire, 2121 K Street, N.W., Suite 800, Washington, D.C. 20037, counsel for Defendant.

_____

Brian J. Hundertmark

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

PRINCETON RUNNING COMPANY, INC.,    )
                             )
      Plaintiff/Counter-Defendant,    )
                             )    Civil Action No. 03-0002710
vs.                           )    Cal. No. 14
                             )    Judge Weisberg
ANDRE WILLIAMS,             )    Next Event: None
      Defendant/Counter-Plaintiff.    )

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Defendant Andre Williams (hereinafter "Defendant") by and through undersigned counsel hereby submits his answer to the amended complaint that has been filed in the above-captioned matter.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted in that the complaint fails to plead fraud with the particularity required by the rules of this Court.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted in that the complaint fails to plead that adequate steps were taken to identify and secure the alleged trade secrets.

### THIRD DEFENSE

The complaint fails to state a claim upon which relief can be granted in that the complaint fails to allege any breach of the alleged duty of employment during the term of defendant's employment with plaintiff.

1

## FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted in that the alleged damages are wholly speculative and incapable of being determined by this Court.

## FIFTH DEFENSE

The above-captioned complaint cannot be maintained by plaintiff because plaintiff's authority to business in the District of Columbia was revoked on September 9, 2004, and to the knowledge of defendant has not been reinstated.

## SIXTH DEFENSE

For his answer to the specific paragraphs of the complaint, defendant states as follows:

1.     Defendant denies the allegations of paragraph 1 of the complaint.

2.     Defendant denies the allegations of paragraph 2 of the complaint.

3.     Defendant admits that he is domiciled in the Commonwealth of Virginia and that he was employed in the District of Columbia..  Defendant denies the remaining allegations of paragraph 3 of the complaint.

4.     Defendant denies the allegations of paragraph 4 of the complaint.

5.     Defendant admits the allegations of paragraph 5 of the complaint.

6.     Defendant denies the allegations of paragraph 6 of the complaint.

7.     Defendant denies the allegations of paragraph 7 of the complaint

8.     Defendant admits the allegations of paragraph 8 of the complaint.

9.     Defendant denies the allegations of paragraph 9 of the complaint.

10.     Defendant denies the allegations of paragraph 10 and avers that he had no negotiations with the landlord.

2

11.    Defendant is without sufficient information to form a belief with respect to the allegations of paragraph 11 of the complaint and they are therefore denied.

12.    Defendant denies the allegations of paragraph 12 of the complaint.

13.    Defendant is without sufficient information to form a belief with respect to the allegations of paragraph 13 of the complaint and they are therefore denied.

14.    Defendant admits or denies the allegations of this paragraph as appropriate.

15.    Defendant denies the allegations of paragraph 15 of the complaint.

16.    Defendant denies the allegations of paragraph 16 of the complaint.

17.    Defendant denies the allegations of paragraph 17 of the complaint.

18.    Defendant denies the allegations of paragraph 18 of the complaint.

19.    Defendant admits or denies the allegations of this paragraph as appropriate.

20.    Defendant admits the allegations of paragraph 20 of the complaint.

21.    Defendant admits the allegations of paragraph 21 of the complaint.

22.    Defendant denies the allegations of paragraph 22 of the complaint.

23.    Defendant denies the allegations of paragraph 23 of the complaint.

24.    Defendant denies the allegations of paragraph 24 of the complaint.

25.    Defendant denies the allegations of paragraph 25 of the complaint.

WHEREFORE, Defendant respectfully requests that the complaint be dismissed with prejudice.

Frederick D. Cooke, Jr., D.C. Bar No. 164608

Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036

202 861 0870
202 429 0657 (facsimile)

4

## CERTIFICATE OF SERVICE

I, Frederick D. Cooke, Jr., do hereby certify that on this 18th day of October, 2004 a copy of the foregoing Answer to Amended Complaint was sent by first class mail, postage pre paid to:

Brian J. Hundertmark, Esq.
Garson Claxton, LLC
7910 Woodmont Avenue, Suite 600
Bethesda, MD 20814

_____
Frederick D. Cooke, Jr.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

PRINCETON RUNNING COMPANY, INC.     )
                                    )
          Plaintiff,                )
                                    )
     v.                             )        Case No. 03-0002710
                                    )        Calendar No. 14
ANDRE WILLIAMS                      )        Judge Frederick H. Weisberg
                                    )        Pretrial Date: 5/9/05  Time: 4:30 pm
          Defendant.                )        Trial Date: Unscheduled
                                    )        Nonjury
_____     )



<u>JOINT PRETRIAL STATEMENT</u>

Plaintiff Princeton Running Company, Inc. and Defendant Andre Williams, by and through their

respective counsel, jointly submit this Pretrial Statement.

A.     **Certification of Rule 16(c) Meeting.**  Counsel for the parties, Brian J. Hundertmark for

       Plaintiff and Frederick D. Cooke, Jr. for Defendant, met at 9:30 a.m. on April 28, 2005 at

       the offices of Plaintiff's counsel, 7910 Woodmont Avenue, Suite 650, Bethesda,

       Maryland.

B.     **Parties and Counsel.**  This Statement is filed on behalf of Plaintiff, Defendant, and their

       respective counsel.   Plaintiff is Princeton Running Company, 3401 M Street, N.W.,

       Washington, D.C. 20007, (202) 337-8626.  Plaintiff's counsel is Brian J. Hundertmark,

       Garson Claxton LLC, 7910 Woodmont Avenue, Suite 650, Bethesda, Maryland 20814,

       (301) 280-2700.    Defendant is Andre Williams, 1321 Troy Street, Apartment 2,

       Arlington, Virginia 22201, (703) 415-0277.  Defendant's counsel is Frederick D. Cooke,

Jr., Rubin, Winston, Diercks, Harris & Cooke, LLP, 1155 Connecticut Avenue, N.W., Suite 600, Washington, D.C. 20036, (202) 861-0870.

C.    **Nature of the Case.**   Fraud, misuse of trade secrets, and breach of duty of loyalty to employer.

D.    **Claims and Defenses.**   Plaintiff alleges that while Defendant was in the employ of Plaintiff, he was given access to Plaintiff's trade secrets and other confidential and proprietary information, which included information about the lease for Plaintiff's store location (i.e., the date of termination and the amount paid to the Landlord).   Plaintiff alleges that Defendant, during work hours as an employee of Plaintiff, received important lease negotiation information from the Landlord, failed to disclose this information to his employer, and used the information to compete against his employer.   Plaintiff alleges that Defendant contacted Plaintiff's Landlord and began negotiations with the Landlord to expel Plaintiff from the location and to be replaced by Defendant.   As a direct consequence of this conduct by Defendant, Plaintiff was able to procure a new lease for the store location from Landlord, but only at a lease cost that was much higher than it would have been if Defendant had not withheld information from his employer and competed against Plaintiff in breach of his duty of loyalty to his employer and with Plaintiff's trade secrets and other confidential and proprietary information.

Defendant denies that he was ever provided any trade secrets by Plaintiff, and specifically denies that he was ever provided the actual lease term or lease payment amount by Plaintiff.   Additionally, Defendant denies that the term of the lease and the amount of the lease payment could, in any event, be trade secrets.   Defendant denies participating in a

bidding war, or competing against Plaintiff for a lease of the premises with the Landlord (or the Landlord's agent). Defendant asserts that any increase in Plaintiff's rent for the new lease was a function of market forces and not a consequence of any actions of Defendant.

**E.** **Undisputed Issues/Stipulations.** None.

**F.** **Disputed Issues.** Whether the term of Plaintiff's lease and/or the amount of the lease payments are trade secrets? Whether Defendant owed Plaintiff (his employer) any duty of loyalty with respect to the instant allegations?

**G.** **Requested Stipulations.** None.

**H.** **Relief Sought.** Plaintiff seeks $296,810.04, representing the increase in the rent payable by Plaintiff under the lease negotiated with the landlord, which increase would allegedly not have been negotiated but for the alleged actions of Defendant.

**I.** **Citations.** *Aronoff v. Lenkin Company, et al.*, 618 A.2d 669 (D.C. 1992); *Cahn v. Antioch University, et al.*, 482 A.2d 120 (D.C. 1984); *Vicki Bagley Realty, Inc. v. Laufer*, 482 A.2d 359 (D.C. 1984); *International Underwriters, Inc. v. Boyle*, 365 A.2d 779 (D.C. 1976); *Yelen v. Banks*, 146 A.2d 569 (D.C. 1958); *Jay v. General Realties Co.*, 49 A.2d 752 (D.C. 1946); *Keiser v. Walsh*, 118 F.2d 13 (D.C. Cir. 1941); *Furash & Company v. McClave*, 130 F.Supp. 2d 48 (D.D.C. 2001).

**J.** **Pending Motions.** Motion for Leave to Amend Complaint was filed by Plaintiff on April 25, 2005.

K.  **Witnesses.**  (1) Gary Lonergan, Esquire, 115 Oronoco Street, Alexandria, Virginia 22314 (703) 836-3505.   (2) Amanda Mitchell, 632 Overhill Road, Ardmore, Pennsylvania 19003 (610) 649-4628.  (3) Eugene Mitchell, 632 Overhill Road, Ardmore, Pennsylvania 19003 (610) 649-4628.  (4) Peter Sherry, 806 Aaron Court, Great Falls, Virginia 22066-2514 (703) 757-5374.  (5) John Souliotis, 10015 Carpers Farm Court, Vienna, Virginia 22182 (202) 333-9119.  (6) Andre Williams, 1321 Troy Street, Apartment 2, Arlington, Virginia 22201 (703) 415-0277.

L.  **Exhibits.**  See attached Exhibit Summary Forms.

M.  **Depositions.**  Deposition of Andre Williams: Page 45, Lines 12-19; Page 52, Line 16 to Page 54, Line 13; Page 80, Line 5 to Page 82, Line 17; Page 83, Line 18 to Page 90, Line 7; Page 95, Lines 1-19; Page 99, Line 2 to Page 104, Line 5.

Deposition of Gotta Run, LLC (Peter Sherry): Page 22, Line 5 to Page 23, Line 21; Page 29, Line 5 to Page 30, Line 22; Page 32, Line 10 to Page 41 Line 4; Page 37 Line 18 to Page 38 Line 20; Page 39, Line 9 to Page 42, Line 2.

N.  **Pleadings and Discovery Responses.**  Amended Complaint and Defendant's Answer to Amended Complaint, Paragraph 21.  Defendant's Responses to Plaintiff's First Set of Interrogatories, Response to Interrogatory 10.  All discovery responses of Plaintiff.

O.  **Demonstrative or Physical Evidence.**  None.

P.  **Videotapes.**  None.

Q.  **Requested Voir Dire Questions.**  Not applicable as this is a nonjury trial.

R.      **List of Standard Instructions Requested.** Not applicable as this is a nonjury trial.

S.      **Non-Standard Jury Instructions.** Not applicable as this is a nonjury trial.

T.      **Verdict Form.** Not applicable as this is a nonjury trial.

U.      **Settlement.** Withheld.

V.      **Estimated Length of Trial.** One to one and one-half days.

The foregoing Joint Pretrial Statement, as revised at the pretrial conference in the presence of the parties and counsel, shall stand as the pretrial order in this case.

Respectfully submitted,


Brian J. Hundertmark (D.C. Bar #410355)
Garson Claxton LLC
7910 Woodmont Avenue, Suite 650
Bethesda, Maryland 20814
301-280-2700
Attorney for Plaintiff


Frederick D. Cooke, Jr. (D.C. Bar #164608)
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
202-861-0870
Attorney for Defendant

Date: May 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Pretrial Statement was delivered this 2nd day of May, 2005 via first-class, postage-prepaid mail upon Frederick D. Cooke, Jr., Esquire, Rubin, Winston, Diercks, Harris & Cooke, LLP, 1155 Connecticut Avenue, N.W., Suite 600, Washington, D.C. 20036, attorney for Defendant.

_Brian J. Hundertmark_
Brian J. Hundertmark

## CERTIFICATE OF DELIVERY OF CHAMBERS COPY

I hereby certify that a copy of the foregoing Joint Pretrial Statement was delivered this 2nd day of May, 2005 via courier delivery to the Clerk of the Court for deposit in the appropriate judge's depository for such copies.

_Brian J. Hundertmark_
Brian J. Hundertmark

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

|  |  |  |
|---|---|---|
| PRINCETON RUNNING CO., INC. | : | Civil Case No. 03ca2710 |
| Plaintiff(s), | : | Calendar 14 - Judge Weisberg |
| v. | : | |
| | : | Trial Date: October 11, 2005 |
| ANDRE WILLIAMS, | : | |
| Defendant(s). | : | Courtroom No. 318 at 9:30 a.m. |

PRETRIAL ORDER

Pursuant to proceedings held in juryroom 318 on, May 9, 2005, at 4:30 p.m., it is hereby **ORDERED**:

(1)  Except as modified by this order, the parties' Joint Pretrial Statement is incorporated in this Pretrial Order.

(2)  The nature of the action is described in the parties' Joint Pretrial Statement.

The claims and defenses of the parties are set forth in the Joint Pretrial Statement.  No other claims or defenses will be entertained at trial absent exceptionally good cause.

(3)  Nature of the Trial:  Non-jury ✓; Jury of 8 _ of 12 _.
Alternates:  Seat __ and Seat __.

(4)  Stipulations:

In addition to any stipulations set forth in the Joint Pretrial Statement, the parties have stipulated as follows:

_____

_____

_____

(5)   Discovery is closed, except as follows:

*P may add Gary Lonergan as a witness — D may propound interrogatories or depose him up to 30 days before trial*

*P may depose John Soulitis up to 30 days before trial*

Defendant(s) may have plaintiff examined by a doctor of his/her/their choice, provided that a report of the examination is provided to plaintiff by _____. If so requested, defendant(s) shall make the physician available for deposition, at plaintiff's expense, at a mutually convenient time and place prior to _____.

(6)   Motions decided, rulings made, at pretrial:

*P may have t. May 16, 2005 to respond to motion for leave to amend*

(7)   Further motions/legal issues to be briefed as follows:

(8)   Except as noted below, there is no dispute as to the authenticity of exhibits and no party need produce proof of authentication at trial:

(9)   The trial exhibits of the parties:

_____ were retained by the Court.

____/____ were returned to the parties and must be brought back to Court and given to the Clerk on the first day of trial.

(10)   No party may offer at trial any witness or exhibit **not** disclosed at pretrial except for purposes of impeachment, i.e., the witness/exhibit related solely to the credibility of another witness or party.   No retained expert (as distinct from a fact witness who is an expert, e.g., a treating physician) may testify during a party's case-in-chief or in rebuttal unless a Rule 26(b)(4) statement has been provided prior to pretrial.

(11)   Except for the parties or their representatives, all witnesses must remain out of the courtroom except while on the stand.   Counsel shall instruct witnesses not to discuss their testimony after they leave the stand.

Once the trial begins, witnesses will be put on call at the peril of the calling party.   The trial will **not** be recessed because a witness on call is unavailable except in extraordinary circumstances.   The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.   The party calling a witness shall arrange for that witness' presence until cross-examination is completed, including the following trial days if need be.   The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness' testimony.

(12)   The Court will advise the parties, prior to jury selection, of the voir dire questions submitted by each party which may be asked.

(13)   The Court will advise the parties, prior to final argument, of the instructions to be given to the jury.

(14)   The parties are encouraged to continue settlement discussions up to the day of trial.  However, the Court will not entertain settlement discussions on the morning of trial.

(15)   Trial of the case is set for 9:30 a.m. on October 11, 2005.  Unless otherwise advised by the Court, all parties and counsel must be present in Courtroom  318  at that time ready to commence trial.  If the Court is unable to begin trial at that time, all parties and counsel must remain ready, on 1 hour telephone alert, to come to the courthouse and begin trial on any of the two court days following the foregoing date.  (If the trial commences on such a succeeding date, the Court will take witnesses out of turn to accommodate the schedule of counsel and the witnesses.).  Counsel who may require technical equipment during the trial for purposes of presenting exhibits (e.g., x-ray view boxes, video display monitors, overhead projectors, etc.) must make their own arrangements outside the court for such equipment.

NOTE:  This is your only notice of the trial date.

May 9, 2005
Date

Judge Frederick H. Weisberg
(Signed in Chambers)

4

Copies of the foregoing Pretrial Order were received by the
following persons at the close of the Pretrial Conference:


_____ Attorney(s)for Plaintiff(s)
Brian J. Hundertmark, Esq.


_____ Attorney(s) for Defendant(s)
Frederick D. Cooke, Jr., Esq.

5

7/15/05                SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

The civil action case captioned at the        CASE NUMBER:  03ca002710
right has been scheduled for a                 Princeton Running Co. vs. Killians,A
TRIAL before Civil Calendar #14
Judge Weisberg
For the date and time shown.

                                               TRIAL DATE:    10/11/05 TIME: 9:30a


                                               TO:
                                               03ca002710  P001A PRT.0102512V    1)
                                               Brian J. Hundertmark, Esq.
                                               7910 Woodmont Avenue,Suite 650
                                               Bethesda MD
                                               20814

PLEASE REPORT TO:
COURTROOM 518      3rd Floor
500 Indiana Ave.   NW

PLEASE BRING THIS NOTICE WITH YOU WHEN YOU COME.