UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCETON RUNNING COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDRE WILLIAMS )<br>)<br>and )<br>)<br>GOTTA RUN, LLC )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-1461 (RMU) |

## DEFENDANT GOTTA RUN'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendant Gotta Run LLC, by and through counsel, hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. The grounds for this motion are set forth in the accompanying memorandum.

Oral hearing requested.

Respectfully submitted,

_____
Edward J. Bennett (DC Bar # 457112)
William T. Burke (DC Bar # 471948)
L. Wade Weems (DC Bar # 480624)

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

*Attorneys for Gotta Run, LLC*

Dated: August 1, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC., )
)
      Plaintiff, )
)
      v. )      Civil Action No. 05-1461 (RMU)
)
ANDRE WILLIAMS )
)
and )
)
GOTTA RUN, LLC )
)
      Defendants. )
_____)

**DEFENDANT GOTTA RUN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Edward J. Bennett (DC Bar # 457112)
William T. Burke (DC Bar # 471948)
L. Wade Weems (DC Bar # 480624)

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

*Attorneys for Gotta Run, LLC*

Dated: August 1, 2005

On April 8, 2003, Plaintiff Princeton Running Company, Inc. ("PRC") sued its former employee, Defendant Andre Williams, alleging that (1) he misused PRC trade secrets relating to the terms of a commercial lease for a PRC running shoe store where he worked and, in doing so, (2) he violated his duty of employee loyalty. Twenty-six months later, PRC amended its complaint and—based on the same allegations of breach of employee loyalty and misuse of trade secrets—named as an additional defendant Gotta Run LLC ("Gotta Run"), which was formed in Virginia on April 16, 2003, several months after the allegedly tortious conduct supposedly occurred.

But a *common law* breach of employee loyalty claim based upon misusing trade secrets is not cognizable in the District of Columbia, which has adopted the District of Columbia Uniform Trade Secrets Act ("DCUTSA") to provide *statutory* remedies for claims relating to trade secrets. And even assuming, *arguendo*, that the common law breach of loyalty claim is not precluded by the DCUTSA, PRC does not allege that Gotta Run owed any duty of "employee loyalty" to PRC.

Plaintiff's misuse of trade secrets claim against Gotta Run is also deficient. The Amended Complaint does not satisfy the requirements of the DCUTSA because it does not allege any facts that could support a finding that the alleged trade secrets were actually secret. To the contrary, the lease information was known to others who were not obligated to keep it confidential. Indeed, PRC's landlord even had economic incentives to disclose the lease information to encourage competitive bidding. Plaintiff also fails to allege that it took any steps to preserve the confidentiality of the alleged trade secrets—another required element of a DCUTSA claim. In short, the alleged trade secrets were not, in fact, secrets and Plaintiff did nothing to protect them.

Because the Amended Complaint fails to state claims upon which relief can be granted against Gotta Run, Gotta Run respectfully submits that the Court should dismiss the Amended Complaint.  *See* Rule 12(b)(6), Fed. R. Civ. P.

## STATEMENT OF FACTS

PRC and Gotta Run own and operate stores that sell running shoes and supplies. PRC has retail locations throughout New Jersey and a single store located in Washington, D.C. According to the Amended Complaint, Andre Williams worked as an employee of PRC from December 1, 2000 until November 30, 2002.  PRC does not allege that Mr. Williams signed any employment agreement or non-compete contract (nor did he, in fact, sign any such agreement). Mr. Williams and his business partner, Peter Sherry, formed Gotta Run, LLC in Virginia several months after Mr. Williams left Plaintiffs' employ and well after the conduct alleged in the Amended Complaint.  Gotta Run LLC now operates a store in Alexandria, Virginia and one in Annapolis, Maryland.

In its Amended Complaint, PRC sets forth two counts that purport to allege claims against Mr. Williams and Gotta Run.  Both counts hinge on the same basic allegation—that Mr. Williams has wrongfully taken advantage of trade secret information he learned while employed at PRC and used those trade secrets to PRC's detriment.  Specifically, the operative allegation in the Amended Complaint is that "Defendant Williams and Peter Sherry [who later would be the shareholders in yet-to-be-formed Gotta Run] acting as partners on behalf of the[ir common law] business partnership and knowing that Plaintiff's store location lease was soon to expire, contacted the landlord and began negotiating with the landlord to expel Plaintiff from the location and be replaced by the partnership." Am. Compl. ¶ 12.  The only "trade secrets" identified in the Amended Complaint are two terms of PRC's lease of retail space in the

2

Georgetown area of Washington, D.C. – the "date on which the lease would terminate and the rates Plaintiff was paying to the landlord." Am. Compl. ¶ 7.  Plaintiff's sole allegation regarding causation is that Defendants' alleged contact with the landlord started a bidding war that resulted in Plaintiff paying higher rent. Am. Compl. ¶¶ 14 – 15.

## ARGUMENT

### I. The Amended Complaint Fails To State A Claim That Gotta Run Is Liable For Any Breach Of A Duty Of Loyalty.

Plaintiff claims that Gotta Run "breached the duty of loyalty to the employer" because of the allegedly improper use of PRC's trade secrets. Am. Compl. ¶ 30.  This allegation fails to state a claim under District of Columbia law because (1) any common law tort claim based on the misuse of confidential business information or trade secrets is preempted by the DCUTSA, D.C. Code § 36-401 *et seq.*; and (2) there is no allegation that Gotta Run or any predecessor entity was an employee of PRC or owed any duty of employee loyalty to PRC.

#### A. Any Trade Secret-Based Common Law Claims are Preempted by D.C. Statutory Law.

Plaintiff's common law breach of loyalty claim is preempted because it is based on allegations that Mr. Williams misused PRC's alleged trade secrets. In 1989, the District of Columbia adopted its version of the Uniform Trade Secrets Act ("UTSA"), the DCUTSA. By its clear text, the DCUTSA "supercedes conflicting tort, restitution and other laws of the District of Columbia providing civil remedies for misappropriation of a trade secret." D.C. Code Ann. § 36-407. While the DCUTSA "does not affect: (1) Contractual remedies,[1] whether or not based upon misappropriation of a trade secret; or (2) Other civil remedies that are not based upon misappropriation of a trade secret," *id.,* courts have held, consistent with the plain meaning of

---

[1] Plaintiff alleges no duties arising from a contract between the parties.

3

§ 36-407, that this language precludes all common law claims based on a theory of misappropriation of trade secrets. *See, e.g., Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F.Supp.2d 943, 946-47 (W.D. Mich. 2003); *Learning Curve Toys, L.P. v. Playwood Toys, Inc.*, No. 94 C 6884, 1999 WL 529572, at *3 (N.D.Ill. July 20, 1999); *Thomas & Betts Corp. v. Panduit Corp.*, 108 F.Supp.2d 968, 972-73 (N.D.Ill. 2000); *Burbank Grease Services, LLC v. Sokolowski*, 693 N.W.2d 89, 96 (Wisc. 2005).[2]

This preemption applies whether or not the plaintiff's claims *actually* qualify as a cognizable claim under the trade secret act—any claim based solely on the misuse of confidential information is precluded. *See Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992) (holding that claims relating to information described by plaintiffs as "trade secret, proprietary or confidential information" were potentially cognizable only under the UTSA and not under the common law); *Learning Curve Toys*, 1999 WL 529572 at *3; *Thomas & Betts Corp.*, 108 F.Supp.2d at 972-73; *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F.Supp.2d 784, 789 (W.D.Ky. 2001). A common law claim for breach of a duty of loyalty based upon misappropriation of trade secrets is thus precluded and must be dealt with instead in the context of the DCUTSA (as described below). *Cf.; Hutchison v. KFC Corp.*, 809 F.Supp. 68, 71 (D. Nev. 1992).

When it adopted the DCUTSA, the District of Columbia opted to make the Act the sole remedy for claims based solely on the misuse of trade secrets and other confidential and proprietary information. The only two exceptions to this rule—contractual remedies and other

---

[2] This issue apparently has not been addressed by any D.C. court. Because the DCUTSA "shall be applied and construed to make uniform the law with respect to trade secrets among the District of Columbia and those states enacting [the UTSA]," § 36-408, it is appropriate to look to the case law of other UTSA jurisdictions in interpreting the DCUTSA. *See, e.g., Burbank Grease Services*, 693 N.W.2d at 96 (citing the same language in Wisconsin's enactment of the UTSA).

4

civil remedies not based on misappropriation of trade secrets—are explicitly set forth in D.C. Code Ann. § 36-407. The sole factual basis for Plaintiff's common law breach of loyalty claim is that the Defendants misused Plaintiff's "trade secrets and other confidential and proprietary information." Am. Compl. ¶ 28. Plaintiff's breach of loyalty claim does not satisfy either of § 36-407's two exceptions and, therefore, the claim is precluded by the DCUTSA. Because Plaintiff's breach of loyalty claim is not cognizable under District of Columbia law it should be dismissed.

### B. Gotta Run Had No Duty of Loyalty to PRC.

As admitted in the Amended Complaint, Gotta Run is a Virginia LLC that was formed after all of the allegedly tortious events had taken place. Am. Compl. ¶ 16. Its only attenuated connection with the allegedly tortious acts is that it allegedly is the successor entity to a common law partnership formed by Mr. Sherry and Mr. Williams at about the time of the allegedly tortious acts. Am. Compl. ¶ 17. It is not alleged that Gotta Run or the supposed predecessor entity was ever an employee of PRC, much less that Gotta Run owed any duties to PRC (as opposed to the explicit allegations in the Amended Complaint about Mr. Williams's duties (Am. Compl. ¶27)). The only hint of a duty owed by Gotta Run is in paragraph 30 of the complaint, which reads in its entirety: "Defendants' actions breached the duty of loyalty to the employer [apparently PRC]." But no facts are alleged to establish any duty on the part of Gotta Run. For that additional reason, Plaintiff's breach of loyalty claim against Gotta Run should be dismissed.

## II.  The Amended Complaint Fails To State A Claim For Misuse Of Trade Secrets.

Plaintiff alleges misappropriation and misuse of trade secrets in violation of the DCUTSA premised on Mr. Williams' alleged use of the information related to PRC's lease agreement.[3]  Under the DCUTSA, "misappropriation" is defined as:

> (B) [d]isclosure or use of a trade secret of another without express or implied consent by a person who . . . (ii) at the time of disclosure or use, knew or had reason to know that the trade secret was . . . acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use . . . or derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

D.C. Code § 36-401(2).  Thus, the three elements required to make out a claim for trade secret misappropriation are: (1) existence of a trade secret; (2) acquisition of the trade secret as a result of a confidential relationship; and (3) unauthorized use or disclosure of the secret resulting in loss or damages.  *Catalyst & Chemical Services, Inc. v. Global Ground Support*, 350 F.Supp.2d 1, 7-8 (D.D.C. 2004); *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 285 F.3d 1353, 1360 (Fed. Cir. 2002).

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff alleging violations of the UTSA may not rely on "mere repetition of the statutory language." *Magellan International Corp. v. Salzgitter Handel GmbH*, 76 F.Supp.2d 919, 927 (N.D.Ill. 1999).  Instead, a complaint alleging a trade secret violation must allege facts sufficient to indicate what the plaintiff "did to assure the confidentiality of its trade secrets" and the facts amounting to misappropriation.  *Id.*

---

[3] Although the Amended Complaint alleges misappropriation of PRC's "trade secrets and other confidential and proprietary information," the statutory provisions and case law cited above make clear that this is nothing more than an allegation of misappropriation of "trade secrets," for which the DCUTSA offers the sole remedy potentially available to Plaintiff based on the allegations in the Amended Complaint.  *See* § 36-407; *see also, Bliss Clearing Niagara*, 270 F.Supp.2d at 946-47; *Learning Curve Toys*, 1999 WL 529572 at *3; *Thomas & Betts*, 108 F.Supp.2d at 972-73; *Burbank Grease Services*, 693 N.W.2d at 96.

### A. The Lease Information Was Not a Trade Secret Because It Was Known to Others and It Was Readily Ascertainable.

The "threshold inquiry" in every trade secret case is "whether or not there [is] a trade secret to be misappropriated." *Catalyst & Chemical Services*, 350 F. Supp. 2d at 8. Under the D.C. statute, a "trade secret" is defined as: "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (A) [d]erives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by proper means by, another who can obtain economic value from its disclosure or use; and (B) [i]s the subject of reasonable efforts to maintain its secrecy." D.C. Code § 36-401(4). In short, information will be protected as a trade secret if: (a) the information is secret (i.e. not readily obtainable by third parties); (b) its value derives from the secrecy; and (c) the owner…uses reasonable efforts to safeguard the confidentiality of the information. *Catalyst & Chemical Services*, 350 F. Supp. 2d at 8.

The termination date of PRC's lease and the amount of rent that PRC paid do not qualify as trade secrets. It might have served PRC's economic interests if the lease information had been a secret, precluding the arrival of a competitive bidder, but, in fact, the information was not a secret. The information did not belong exclusively to PRC. As the Amended Complaint admits, the information was known by at least one other person—the landlord—and more than likely also was known to real estate agents, people involved in the formation of the lease agreement and anyone else that these people told. Am. Compl. ¶ 7. PRC does not allege that any of these people were bound by any duty to keep the lease information confidential. This break in the chain of secrecy destroys Plaintiff's right to claim this information as a trade secret. As the Supreme Court has stated, "[i]f an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly

discloses the secret, his property right is extinguished." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (U.S. 1984).

Indeed, the landlord and his or her agents had an economic incentive to advertise the upcoming opportunity for a newcomer to lease the property and to make price information publicly available to encourage competitive bidding. *See Montgomery County Ass'n of Realtors, Inc. v. Realty Photo Master Corp.*, 878 F. Supp. 804, 814 (D. Md. 1995) (real estate listing information database not a secret; to the contrary, the data derives economic value not from its secrecy, but from being widely distributed so potential purchasers can learn about properties on the market). Nothing in the Amended Complaint suggests that any potential lessee who approached the landlord and inquired about the availability of the property would not have readily received information about when the property would be available and the then-current lease amount. Information that is "readily ascertainable to the public" cannot constitute a trade secret. *Id.*; *Home Paramount Pest Control v. FMC Corp./Agricultural Products Group*, 107 F. Supp. 2d 684, 693 (D. Md. 2000) (customer lists not trade secrets because readily ascertainable by other means such as by consulting telephone directories and trade associations). And information cannot be a trade secret under the DCUTSA if it is "known to" a third party "who can obtain economic value from its disclosure." § 36-410(4). Here, the Plaintiff admits that PRC's landlord obtained economic value (allegedly more than $296,000) from PRC by using the information in negotiations with Mr. Williams. Am. Compl. ¶ 15. The "trade secrets" that Plaintiff alleges are not and never were secrets at all.

    **B.    The Lease Information Was Not a Trade Secret Because Plaintiff Did Not Take Reasonable Steps to Keep the Information Confidential.**

In order to be a trade secret, information must be the "subject of reasonable efforts to maintain its secrecy." D.C. Code § 36-401(4)(B). Plaintiff fails to cite any "reasonable

8

efforts" that it made to keep the lease information secret. D.C. Code § 36-401(4)(B). As discussed above, Plaintiff has not alleged that the landlord—or the many others with likely access to the lease information—had a duty to keep the lease information confidential. And Plaintiff alleges no facts that suggest it took steps to prevent the information from being released whenever, wherever and to whomever the landlord, or others, liked.

For example, PRC does not allege that it bargained for and received a confidentiality provision in or related to the lease, or that it otherwise tried to restrict the landlord from openly sharing the lease information. In *Motor City Bagels, LLC v. American Bagel Co.*, 50 F. Supp. 2d 460, 480 (D. Md. 1999), the plaintiff created a business plan and distributed it to potential investors, but only some of the investors entered into a related confidentiality agreement with the plaintiff. The court found that plaintiff's failure to enter into confidentiality agreements with all of the investors was "inconsistent with recognition of the [business plan] as a trade secret" under the statute. *Id.* Similarly, because PRC does not allege that it restricted disclosure of the lease information by the landlord, that information cannot be classified as a trade secret. Information that is not secret, and that Plaintiff did not attempt to keep secret, certainly is not a "trade secret." *Id.; Ruckelshaus*, 467 U.S. at 1002; *Catalyst & Chemical Services*, 350 F. Supp. 2d at 8.

Furthermore, PRC does not cite any steps taken to ensure that its employees, like Mr. Williams, did not share or use the lease information (or any type of information). The Amended Complaint states that Mr. Williams was "made aware" that information to which he was given access was confidential and "to be treated accordingly." Plaintiff does not allege with any specificity when or how Mr. Williams was "made aware" that the lease information was confidential nor how Mr. Williams should treat such information, other than "accordingly."

Plaintiff does not allege that it entered into any kind of employment agreement or confidentiality agreement with Mr. Williams (because, in fact, it did not). Plaintiff does not allege how Mr. Williams could have violated Plaintiff's alleged expectation of confidentiality by discussing the lease information with a landlord who already knew the information. Plaintiff's failure to allege sufficient facts with regard to the steps taken to alert Mr. Williams that the lease information was confidential and should not be divulged further demonstrate that the lease information was not a trade secret. *See Magellan Int'l Corp.*, 76 F.Supp.2d at 927.

## CONCLUSION

The Amended Complaint fails to state any cognizable claims against Gotta Run. The common law breach of loyalty claim fails as to Gotta Run because (1) any cause of action for breach of loyalty based on the misuse of confidential information is preempted by the DCUTSA and (2) Gotta Run had no duty of employee loyalty to Plaintiff. In addition, the Amended Complaint fails to allege the necessary elements of a trade secret claim under the DCUTSA. PRC's lease information was not a trade secret because it was known to others, it was readily ascertainable, and PRC took no steps to protect it. The Amended Complaint should be dismissed as to Gotta Run.

Respectfully submitted,

_____
Edward J. Bennett (DC Bar # 457112)
William T. Burke (DC Bar # 471948)
L. Wade Weems (DC Bar # 480624)

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for Gotta Run, LLC*

Dated:  August 1, 2005

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2005, I have caused true and correct copies of the foregoing Motion to Dismiss and Memorandum in Support to be served by First-Class Mail upon:

Brian J. Hundertmark, Esq.
Garson Claxton LLC
7910 Woodmont Ave.
Suite 650
Bethesda, Maryland 20814

*Attorney for Plaintiff Princeton Running Company*

Frederick D. Cooke, Jr., Esq.
Rubin, Winston, Diercks, Harris & Cooke
1155 Connecticut Avenue, NW
6th Floor
Washington, D.C. 20036

*Attorney for Defendant Andre Williams*

/s/ William T. Burke
William T. Burke
Williams & Connolly LLP

12