UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC.      :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :   Civil Action No. 05-1461 (RMU)
                                     :
ANDRE WILLIAMS                       :
                                     :
    and                              :
                                     :
GOTTA RUN, LLC                       :
                                     :
        Defendants.                  :

## MOTION TO REMAND

Plaintiff Princeton Running Company, Inc. respectfully moves this Court to remand this action to the Superior Court for the District of Columbia. A Memorandum of Points and Authorities in support of this motion follows.

Respectfully submitted,

_____
Charles R. Claxton (D.C. Bar No. 249979)
Brian J. Hundertmark (D.C. Bar No. 410355)
Garson Claxton LLC
7910 Woodmont Avenue, Suite 650
Bethesda, Maryland 20814
(301) 280-2700

Attorneys for Plaintiff

Dated: August 12, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC. :
:
      Plaintiff, :
:
v. : Civil Action No. 05-1461 (RMU)
:
ANDRE WILLIAMS :
:
      and :
:
GOTTA RUN, LLC :
:
      Defendants. :

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINITFF'S MOTION TO REMAND

Plaintiff Princeton Running Company, Inc. submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand. Plaintiff's Motion to Remand should be granted because this action was not properly removed from the Superior Court for the District of Columbia. Removal was improper because Defendant Andre Williams failed to seek removal within the 30-day period granted by 28 U.S.C. 1446(b). Removal was also improper because defendant Gotta Run, LLC ("Gotta Run") failed to seek removal within one year of the commencement of this action, as required by 28 U.S.C. 1446(b).

### BACKGROUND

The original complaint in this matter was served on Defendant Andre Williams on April 15, 2003. Mr. Williams did not seek removal to federal court although the action was removable on grounds of diversity.

Prior to the filing of the complaint, Plaintiff was aware that Mr. Williams had begun working for another shoe store business, Gotta Run. However, Plaintiff was not aware whether this new employer had been involved in any of the events giving rise to the litigation against Mr. Williams. Therefore, Plaintiff, cognizant of the restrictions placed on it by Rule 11(b) of the Superior Court Rules of Civil Procedure, could not name Gotta Run as a defendant. Rather, Plaintiff decided to pursue information from Defendant and from Gotta Run in discovery to determine whether to add Gotta Run as a defendant.

Plaintiff served Mr. Williams with a First Set of Interrogatories, which included questions that should have elicited responses related to Mr. Williams' connection with Gotta Run. However, Defendant's responses did not divulge any such connection. Plaintiff served Defendant with a Second Set of Interrogatories that specifically inquired into Defendant's relationship with Gotta Run and with Peter Sherry. However, Defendant's responses expressly disavowed any connection between Gotta Run and Peter Sherry and the events giving rise to the litigation. The two sets of interrogatories were served on Mr. Williams on July 14, 2003 and November 26, 2003, respectively. The responses were due well within a one-year period from the date that Mr. Williams was served with the original complaint.

Next, Plaintiff attempted to depose Mr. Williams, Gotta Run, and Peter Sherry. The notices of deposition were issued on November 26, 2003 for depositions to take place in January 2004. Had the depositions taken place as scheduled, the deponent's testimony would have been received well within a one-year period from the date that Mr. Williams was served with the original complaint. However, Mr. Williams delayed all depositions by repeatedly slowing the discovery process. These delays continued until Mr. Williams ended the attorney-client relationship with his attorney. Plaintiff was then able to depose Mr. Williams, with Mr.

Williams' new counsel in attendance. At that deposition, Mr. Williams testified to the effect that neither Gotta Run nor Peter Sherry was involved in any of the events giving rise to the litigation. Mr. Williams also testified that he did not own any interest in Gotta Run.

Plaintiff's attempt to depose Gotta Run and Peter Sherry was further delayed first by the request of Mr. Williams' new counsel to postpone matters until he had become familiarized with the case and second by the failure of the new counsel to respond to repeated requests by Plaintiff's counsel to schedule new dates for the depositions.

A Rule 30(b)(6) deposition of Gotta Run was finally scheduled and held on February 23, 2005. Peter Sherry was the representative who testified on behalf of the limited liability company. Mr. Sherry's testimony directly contradicted the interrogatory responses and deposition testimony of Mr. Williams. Mr. Sherry's testimony was to the effect that: (1) Peter Sherry and Mr. Williams were engaged in a business partnership while Mr. Williams was still in the employ of Plaintiff; (2) the purpose of the partnership was to create a shoe store in competition with Plaintiff; (3) each partner individually and the partnership as an entity were involved in many of the events giving rise to the litigation; (4) the partnership later became the limited liability company; and (5) Mr. Williams is a 70% owner of the limited liability company.

In short, the testimony provided the information Plaintiff had been seeking from the time the complaint was first filed. Plaintiff had now determined that Gotta Run should be added as a defendant to the litigation. And the Superior Court endorsed this view when it granted Plaintiff's motion to add Gotta Run as a defendant. However, through no fault of Plaintiff, but rather due to Mr. Williams' contradictory and/or erroneous responses to discovery and the delays Mr. Williams forced on the discovery process, Gotta Run was not added as a defendant until 26 months from the date that Mr. Williams was served with the original complaint.

## ARGUMENT

I.  **Defendant Andre Williams Failed to Comply with the 30-Day Requirement of 28 U.S.C. 1446(b)**

A defendant seeking removal to federal court must seek to remove within 30 days of service on that defendant of a removable complaint. 28 U.S.C. 1446(b). In a lawsuit with a later-added defendant, the later-added defendant is barred from removal if the original defendant failed to seek removal within 30 days after original service of a removable complaint on the original defendant. *Phillips v. Corrections Corp. of America, et al.*, Slip Copy, 2005 WL 627881 (D. DC 2005); *see also, e.g., Superior Painting & Contracting Co., Inc. v. Walton Technology, Inc. et al.*, 207 F. Supp.2d 391, 393 (D. Md. 2002); *Bazilla, et al. v. Belva Coal Co., et al.*, 939 F. Supp. 476, 479 (S.D. W.Va. 1996); *Hill v. Phillips, Barratt, Kaiser Engineering, Ltd, et al.*, 586 F. Supp. 944, 946 (D. Me. 1984) (citing support from numerous jurisdictions.). A later-added defendant is barred from removal in such circumstances because an original defendant who failed to seek removal within 30 days cannot join the later attempt to remove, and the later-added defendant thus cannot get the unanimous consent from defendants required for removal. *E.g., Phillips*, 2005 WL 627881; *Superior Painting*, 207 F. Supp.2d at 393. Such later-added defendants are bound to the original defendant's decision to litigate in Superior Court. *Phillips*, 2005 WL 627881.

Defendant Gotta Run filed for removal on July 25, 2005, after having been served on June 24, 2005 with Plaintiff's amended complaint first naming Gotta Run as a defendant. However, Defendant Andre Williams did not seek removal within 30 days of service of the original complaint, made on April 15, 2003, which was removable on grounds of diversity. Instead, Mr. Williams first sought removal on July 25, 2005, more than two years later. Because

Mr. Williams failed to seek removal within 30 days of service and instead chose to litigate in Superior Court, Gotta Run is bound to that decision.

While such a result ties the hands of later-added defendants such as Gotta Run, the result is nonetheless fair and indeed more lenient than the rule applied by the majority of federal courts. *See Phillips*, 2005 WL 627881. The majority of federal courts apply the "first-served rule", which starts the 30-day removal period for all defendants on the day the first defendant is served. *Phillips*, 2005 WL 627881; *e.g. Getty Oil Co. v. Ins. Co. of N. America*, 841 F.2d 1254, 1263 (5th Cir. 1988) (requiring all served defendants to join in removal action no more than 30 days from service on first defendant); *Faulk v. Superior Industries International, Inc.*, 851. F. Supp. 457, 459 (MD Fla. 1994) (remanding where first-served defendants failed to timely seek removal and later attempted to "piggy-back" on the removal requests of later-served defendants).

In the interest of fairness, the District Court for the District of Columbia has instead adopted the Fourth Circuit's *McKinney* rule regarding §1446(b), which requires the first-served defendant to petition for removal within 30 days of service or its inaction will prevent later-served defendants from removing the case. *Phillips,* 2005 WL 627881, *citing McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In *Phillips*, the plaintiff first filed a removable complaint in the Superior Court of the District of Columbia in May of 2003. 2005 WL 627881. In May of 2004, the plaintiff amended the complaint to add three defendants. *Id.* Those defendants subsequently sought removal. *Id.* The District Court for the District of Columbia granted plaintiff's motion to remand because the original defendants had failed to seek removal within 30 days of service in May of 2003, and their failure to do so bound the later-added defendants to also litigate in Superior Court. *Id.*

Defendant Andre Williams' failure to seek removal in this action within 30 days of service similarly prevents Gotta Run from seeking removal of the suit now.

## II. Defendant Gotta Run, LLC Failed to Meet the One-Year Requirement of 28 U.S.C. 1446(b)

Section 1446(b) also imposes an additional time requirement on defendants by prohibiting removal based on §1332 jurisdiction more than one year after the action commences. 28 U.S.C. § 1446(b). Defendants' removal petition clearly states that this Court's jurisdiction over this action is based on §1332, "because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." (Defendants' Notice of Removal, p. 1). Under the District of Columbia court rules, "a civil action is commenced by filing a complaint with the court". DC R. RPC Rule 3. The complaint in this matter was filed on April 8, 2003, more than two years before defendants sought removal. Defendants' attempt to remove is thus clearly barred by §1446(b) as occurring more than one year after commencement of the action.

Although some district courts have read §1446(b)'s one-year requirement more narrowly, *see, e.g., Howell v. St. Paul Fire and Marine Ins. Co.*, 955 F. Supp. 660, 663 (MD La. 1996) (applying requirement to action not removable at commencement), the District Court for the District of Columbia has read no such limitation into the law. *See, e.g., Baylor v. District of Columbia v. County of LaSalle*, 838 F. Supp. 7, 9 (D. DC 1993) (remanding where diversity-based removal not attempted until more than a year after commencement of action, despite fact that defendant seeking removal was not added to action until after a year had passed).

Moreover, many jurisdictions applying a more narrow reading of §1446(b) have done so on equitable grounds that are not relevant to this action. *E.g. Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1284 (E.D. Va. 1991). In *Saunders*, the plaintiff filed a motion for judgment but

did not serve the defendant until almost a year had passed. 777 F. Supp. at 1282. The court found that the purpose of the one-year bar was to prevent removal where significant progress had been made in state court, not to allow plaintiffs to engage in such behavior in order to remove the possibility of removal. *Saunders*, 777 F. Supp. at 1285.

Here, there are no equitable grounds for defendants to rely upon. First, Plaintiff is blameless for Defendants' failure to seek removal in a timely manner. Rather, Defendants had every opportunity to seek removal in a timely manner, and failed to act appropriately in order to do so. As discussed *supra*, Defendant Andre Williams made no attempt to remove the action, despite the existence of diversity jurisdiction in the original complaint when it was filed on April 8, 2003. Moreover, when Plaintiff sought information from Defendant Williams regarding Gotta Run, Mr. Williams -- who is a majority owner of Gotta Run – failed to provide information that would have permitted plaintiff to discern the truth about the connection between Mr. Williams and Gotta Run in a timely manner and to add Gotta Run as a defendant within the first year of having filed the complaint.

Second, this action has been pending in the Superior Court of the District of Columbia for more than two years. Discovery has been completed and a trial date has been set. The purpose of the one-year bar to prevent removal where significant progress has been made in the local court, *Saunders*, 777 F.Supp. at 1285, is clearly applicable here.

Accordingly, no equitable concerns prevent the application here of §1446(b)'s one year requirement for seeking diversity-based removal.

## CONCLUSION

Removal was improper in this action because Defendant Andre Williams failed to seek removal within the 30-day requirement of 28 U.S.C. 1446(b). In addition, removal was improper

because Defendant Gotta Run, LLC failed to seek removal within one year of the commencement of the action, as required by 28 U.S.C. 1446(b). Plaintiff respectfully seeks remand of this action to the Superior Court for the District of Columbia.

Respectfully submitted,

_____
Charles R. Claxton (D.C. Bar No. 249979)
Brian J. Hundertmark (D.C. Bar No. 410355)
Garson Claxton LLC
7910 Woodmont Avenue, Suite 650
Bethesda, Maryland 20814
(301) 280-2700

Attorneys for Plaintiff

Dated: August 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Remand and Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand was served by first-class, postage-prepaid mail on the __12th__ day of August, 2005 upon Frederick D. Cooke, Jr., Rubin, Winston, Diercks, Harris & Cooke, 1155 Connecticut Avenue, N.W., 6th Floor, Washington, D.C. 20036, attorney for Defendant Andre Williams.

_/s/ Lucia Mackell_
Lucia Mackell
Garson Claxton LLC