UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC. :
:
      Plaintiff, :
:
v. : Civil Action No. 05-1461 (RMU)
:
ANDRE WILLIAMS :
:
      and :
:
GOTTA RUN, LLC :
:
      Defendants. :

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Gotta Run, LLC ("Gotta Run") has filed a Motion to Dismiss Plaintiff's Amended Complaint, alleging that the complaint in this matter fails to state a claim upon which relief can be granted. The Motion to Dismiss should be denied because: (1) this action was improperly removed from the Superior Court of the District of Columbia and is therefore not properly before this Court; (2) Defendant Gotta Run's allegation that the complaint is based solely on a misuse of confidential information is erroneous; and (3) dismissal is not an appropriate remedy.

## BACKGROUND

**I.    History of the Dispute**

A brief review of the history of the dispute demonstrates the error of Defendant Gotta Run's allegation that Plaintiff's complaint is based solely on a misuse of confidential

- 2 -

information. Defendant Andre Williams was an employee of Plaintiff Princeton Running Company, Inc. As mentioned in the Motion to Dismiss, while employed by Plaintiff, Mr. Williams was given access to information about the lease for Plaintiff's store, including the date of the termination of the lease and the amount of rent paid under the lease.

However, as <u>not</u> mentioned in the Motion to Dismiss, while employed by Plaintiff and during the hours when he was being paid by Plaintiff to manage the Plaintiff's business, Mr. Williams received important lease negotiation information from the business' landlord and failed to disclose this information to his employer. Rather, Mr. Williams conveyed the information to his business partner, Peter Sherry, and used the information to compete against his employer (Mr. Williams had formed the business partnership with Peter Sherry, with the intent to compete against his employer, weeks or months before). It is this conduct, which was a breach of the duty of loyalty to an employer, which is a core basis for the instant action. And this conduct is separate and apart from any misuse of confidential information.[1]

The business partnership of Mr. Williams and Mr. Sherry used the lease negotiation information obtained by Mr. Williams while on the job for Plaintiff to bid against Plaintiff for the new lease on Plaintiff's premises. While Plaintiff was able to renew its lease, the renewal was at a much higher rate than would have been paid had the business partnership of Mr. Williams and Mr. Sherry not breached the duty of loyalty to Plaintiff (the actions of a partner being ascribed to the partnership and the limited liability company being deemed for all purposes the same entity that existed before the partnership converted to a limited liability company,

---

[1] Defendant Gotta Run was provided with this information at the time that it was served with the complaint. The information appeared in the Joint Pretrial Statement for the Superior Court of the District of Columbia action, which was provided by Plaintiff's counsel as a courtesy.

including all obligations of the partnership continuing as obligations of the limited liability company).

## II. History of the Litigation

The Motion to Dismiss refers to a 26-month period between the time the litigation was commenced and the time that Defendant Gotta Run was added as a defendant, but does not refer to the reason for the delay. Prior to the filing of the complaint, Plaintiff became aware that Mr. Williams had begun working for another shoe store business, Gotta Run. However, Plaintiff was not aware whether this new employer had been involved in any of the events giving rise to the litigation against Mr. Williams. Therefore, Plaintiff, cognizant of the restrictions placed on it by Rule 11(b) of the Superior Court Rules of Civil Procedure, could not name Gotta Run as a defendant. Rather, Plaintiff decided to pursue information from Defendant and from Gotta Run in discovery to determine whether to add Gotta Run as a defendant.

Plaintiff served Mr. Williams with a First Set of Interrogatories, which included questions that should have elicited responses related to Mr. Williams' connection with Gotta Run. However, Defendant's responses did not divulge any such connection. Plaintiff served Defendant with a Second Set of Interrogatories that specifically inquired into Defendant's relationship with Gotta Run and with Peter Sherry. However, Defendant's responses expressly disavowed any connection between Gotta Run and Peter Sherry and the events giving rise to the litigation.

Next, Plaintiff attempted to depose Mr. Williams, Gotta Run, and Peter Sherry. However, Mr. Williams delayed all depositions by repeatedly slowing the discovery process. These delays continued until Mr. Williams ended the attorney-client relationship with his attorney. Plaintiff was then able to depose Mr. Williams, with Mr. Williams' new counsel in

attendance. At that deposition, Mr. Williams testified to the effect that neither Gotta Run nor Peter Sherry was involved in any of the events giving rise to the litigation. Mr. Williams also testified that he did not own any interest in Gotta Run.

Plaintiff's attempt to depose Gotta Run and Peter Sherry was further delayed first by the request of Mr. Williams' new counsel to postpone matters until he had become familiarized with the case and second by the failure of the new counsel to respond to repeated requests by Plaintiff's counsel to schedule new dates for the depositions.

A Rule 30(b)(6) deposition of Gotta Run was finally scheduled and held on February 23, 2005. Peter Sherry was the representative who testified on behalf of the limited liability company. Mr. Sherry's testimony directly contradicted the interrogatory responses and deposition testimony of Mr. Williams. Mr. Sherry's testimony was to the effect that: (1) Peter Sherry and Mr. Williams were engaged in a business partnership while Mr. Williams was still in the employ of Plaintiff; (2) the purpose of the partnership was to create a shoe store in competition with Plaintiff; (3) each partner individually and the partnership as an entity were involved in many of the events giving rise to the litigation; (4) the partnership later became the limited liability company; and (5) Mr. Williams is a 70% owner of the limited liability company.

In short, the testimony provided the information Plaintiff had been seeking from the time the complaint was first filed. Plaintiff had now determined that Gotta Run should be added as a defendant to the litigation. And the Superior Court endorsed this view when it granted Plaintiff's motion to add Gotta Run as a defendant.

However, after Gotta Run was added as a defendant and a trial date was set, Defendant Gotta Run removed this matter to federal court and filed the Motion to Dismiss, providing it with a second bite at the apple to be released as a defendant.

## ARGUMENT

**I.      This Action is not Properly before the Court**

Concurrent with the filing of this Memorandum, Plaintiff is filing a Motion to Remand this action to the Superior Court of the District of Columbia. The Motion to Remand is based on Defendant Gotta Run's failure to seek removal within the 30-day period granted by 28 U.S.C. §1446(b) and within one year of the commencement of this action, also as required by 28 U.S.C. §1446(b). As this matter was improperly removed to this Court, it would be improper for this Court to rule on Defendant Gotta Run's Motion to Dismiss.

**II.     Defendant Gotta Run's Allegation that Plaintiff's Claim is Based Solely on Misuse of Confidential Information is Erroneous**

As noted in the History of the Dispute section above, Defendant Gotta Run's allegation that Plaintiff's complaint is based solely on a misuse of confidential information is erroneous. The failure to convey the important lease negotiation information to Plaintiff and Defendants' use of this information to compete with Plaintiff while Mr. Williams was still employed by Plaintiff was the breach of the duty of loyalty to an employer that is a core basis for the instant action. Defendant Gotta Run is in error when it states that "the only hint of a duty owed by Gotta Run is in paragraph 30 of the complaint". Rather, paragraph 29 of the complaint states that "Defendants' . . . competition with the employer took place during business hours when Defendant Williams was supposed to be providing services to Plaintiff".

Further, Defendant Gotta Run is in error when it states that no allegation exists in the complaint that it, rather than Defendant Williams, owed a duty of loyalty to Plaintiff. Paragraphs 10-13, 16-17, 23, and 27-30 together make the allegation that: (1) Mr. Williams breached the duty of loyalty to his employer; (2) Mr. Williams' action was as a partner in the business

partnership with Mr. Sherry; and (3) the business partnership converted into the limited liability company of Gotta Run, LLC.[2]

### III.  Dismissal Not an Appropriate Remedy

Defendant Gotta Run's request for dismissal of this action would be inappropriate even if its allegations were correct. Dismissal would result only in Plaintiff's revision and filing of a new Complaint to be consolidated with the action against Defendant Andre Williams. Costs would be added not only to the parties, but to the judicial system as well. A final resolution of this matter would be delayed, to the detriment of the parties and the judicial system.

An appropriate remedy would be to permit the amendment of the complaint. Indeed, Rule 15(a) of the Federal Rules of Civil Procedure permits the amendment of the instant complaint without court intervention: the Rule states that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served" and a motion to dismiss is not considered to be a responsive pleading for purposes of Rule 15(a). *James V. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 282-283 (D.C. Cir. 2000); *Bowden v. U.S.*, 176 F.3d 552, 555 (D.C. Cir. 1999); *Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993). [Plaintiff has not amended its pleading prior to the filing of the instant opposition because; as noted above, it is believed that this matter is not properly before this Court and there appears to be no need for an amendment as the complaint is sufficient to state a claim upon which relief can be granted. If the Court rules otherwise, an amended pleading can be provided in short order.]

---

[2] Mr. Williams and Mr. Sherry are residents of Virginia, the business partnership was formed in Virginia, and the limited liability company was organized in Virginia. Virginia law provides that the actions of a partner can be ascribed to the partnership and a limited liability company is deemed for all purposes to be the same entity that existed before being converted to a limited liability company, including all obligations of the prior entity continuing as obligations of the limited liability company.

Additionally, Rule 15(a) permits a party to amend a pleading by leave of court "and leave shall be freely given when justice so requires". Each of the customary factors to be considered by the Court in giving leave to amend favor the Plaintiff in this matter: (1) no undue delay; (2) no bad faith or dilatory motive on the part of the movant; (3) no repeated failure to cure deficiencies by amendments previously allowed; (4) no undue prejudice to opposing party by virtue of allowance of amendment; and (5) no futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Atchinson v. District of Columbia*, 73 F.3d 418, 425-426 (D.C. Cir. 1996); *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1981).

## CONCLUSION

For the foregoing reasons, the Amended Complaint is sufficient to state a claim upon which relief can be granted or, in the alternative, amendment of the Complaint is the appropriate remedy. In either event, Defendant Gotta Run's motion should be denied.

Respectfully submitted,

_____
Charles R. Claxton (D.C. Bar No. 249979)
Brian J. Hundertmark (D.C. Bar No. 410355)
Garson Claxton LLC
7910 Woodmont Avenue, Suite 650
Bethesda, Maryland 20814
(301) 280-2700

Attorneys for Plaintiff

Dated: August 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities in Opposition to Motion to Dismiss Plaintiff's Amended Complaint was served by first-class, postage-prepaid mail on the __12th__ day of August, 2005 upon Frederick D. Cooke, Jr., Rubin, Winston, Diercks, Harris & Cooke, 1155 Connecticut Avenue, N.W., 6th Floor, Washington, D.C. 20036, attorney for Defendant Andre Williams.

*/s/ Lucia Mackell*
Lucia Mackell
Garson Claxton LLC