UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCETON RUNNING COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ANDRE WILLIAMS ) <br> ) <br> and ) <br> ) <br> GOTTA RUN, LLC ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 05-1461 (RMU) |

### DEFENDANT GOTTA RUN'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Gotta Run, LLC's ("Gotta Run") arguments for dismissal are straightforward and self-evident. Plaintiff Princeton Running Company's ("PRC") breach of the duty of employee loyalty Count fails to state a claim because: (1) it is a *common law* claim based on the alleged misuse of trade secrets, and, therefore, it is preempted by the *statutory* remedies provided by the District of Columbia Uniform Trade Secrets Act ("DCUTSA"); and (2) Gotta Run, an independent entity, was never an employee of, and never owed a duty of employee loyalty to, Plaintiff. Plaintiff's misuse of trade secrets Count fails to state a claim because the alleged trade secrets—the expiration date and rental rate of Plaintiff's lease—are not secrets entitled to protection under the DCUTSA. Plaintiff does not allege that it took any steps to protect the alleged trade secrets and admits that the information was known to Plaintiff's landlord, who was free to—and allegedly did—use the information to his economic advantage.

1

In its Opposition to the Motion to Dismiss ("Opposition"), Plaintiff fails to respond to Gotta Run's legal arguments.[1] Plaintiff does not dispute that its breach of the duty of employee loyalty claim is preempted by the DCUTSA. Plaintiff does not cite a single legal authority of any kind for the proposition that Gotta Run, a non-employee, could owe a duty of employee loyalty to Plaintiff. Plaintiff makes no attempt to explain how the alleged trade secrets could qualify for trade secret protection under the DCUTSA. By choosing not to respond to these legal questions, Plaintiff concedes that it has not stated a claim. Amending the complaint, as Plaintiff requests, cannot cure these legal deficiencies. Accordingly, dismissal under Rule 12(b)(6) as to Gotta Run, with prejudice, is appropriate.

## ARGUMENT

### I. Plaintiff's Claim that Gotta Run Breached a Fiduciary Duty of Loyalty to PRC Must Be Dismissed.

#### A. Plaintiff's Common Law Claim is Preempted by the DCUTSA.

As explained in Gotta Run's Motion to Dismiss, the DCUTSA preempts common law claims that are based on the misappropriation or misuse of trade secrets. By failing to respond to this argument, Plaintiff concedes that its common law breach of the duty of loyalty claim is preempted. LCvR 7(b)[2]; *Hopkins v. Women's Div., Gen., Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff

---

[1] Plaintiff does, however, spend two pages of its Opposition purporting to describe the "History of the Litigation." Opp'n at 3-4. The Motion to Dismiss, however, does not hinge on procedural history. Rather, it focuses on whether the allegations in the complaint state a claim. Accordingly, Gotta Run will refrain, here, from correcting Plaintiff's distorted procedural history.

[2] Local Rule 7(b) states, "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."

files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (applying LCvR 7(b)); *Canady v. Erbe Elektronedizin GmbH*, No. 96-2012, 2005 WL 1793476, at *8 (D.D.C. July 29, 2005) (interpreting parties' silence in response to opponent's arguments as concession).

### B. Gotta Run Owed No Duty of Loyalty to PRC.

PRC asserts that Mr. Williams was acting on behalf of a partnership when he allegedly "breached the duty of loyalty to *his* employer." Opp'n 5 (emphasis added). Even assuming that Mr. Williams was acting in the interests of a partnership that eventually became Gotta Run, that fact fails to establish as a matter of law that Gotta Run had an employee-employer, agent-principal or other fiduciary relationship with PRC that would give rise to a duty of loyalty. A person's *actions* might be attributable in certain circumstances to a partnership, but it does not necessarily follow that a *cause of action* against that person (such as a breach of employee loyalty claim) also states a claim against the partnership. Indeed, Plaintiff's Opposition cites no authority for the proposition that a non-employee, like the partnership that allegedly became Gotta Run, could owe a duty of loyalty to an employer.

To claim that Gotta Run owed a duty to PRC, Plaintiff must allege that PRC manifested a desire to employ Gotta Run as its agent, and that Gotta Run manifested its consent to that fiduciary relationship. *See Gov't of Rwanda v. Rwanda Working Group*, 227 F. Supp. 2d 45, 63–64 (D.D.C. 2002), *aff'd in part and modified in part*, 409 F.3d 368 (D.C. Cir. 2005) ("The agent-principal relationship is characterized by two elements: (1) an indication by the principal that the agent will act on her behalf and subject to her control, and (2) a manifestation of the agent's consent to so act."); Restatement (Second) of Agency § 1(1) cmt. (a) (1958)

3

("Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."). Plaintiff makes no such allegation because Gotta Run never entered into any relationship with Plaintiff. Accordingly, Gotta Run owed no duty of employee loyalty – neither a duty of confidentiality nor a duty not to compete[3] – to PRC. The breach of employee loyalty Count as to Gotta Run should be dismissed as a matter of law.[4]

## II. Plaintiff's Claim that Gotta Run Misused Trade Secrets Must Be Dismissed.

The Amended Complaint does not satisfy the elements of a trade secret claim under the DCUTSA. To plead a DCUTSA claim, Plaintiff must first allege the existence of a trade secret. *Catalyst & Chemical Svcs., Inc. v. Global Ground Support*, 350 F. Supp. 2d 1, 7-8 (D.D.C. 2004). But the alleged trade secrets here—the "information on dates the lease would terminate and the rates Plaintiff was paying to the landlord," Am. Compl. ¶ 7—were not secrets at all. This lease information was known to Plaintiff's landlord, who had no duty to hold it confidential. To the contrary, the landlord had an economic incentive to publicize the

---

[3] Under District of Columbia law, an employee may legitimately prepare to compete with an employer even before leaving his job. *See Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219, 233-34 (D.D.C. 1996) ("an agent can make arrangements or plans to go into competition with his principal before terminating his agency, provided no unfair acts are committed or injury done his principal."). Thus, Plaintiff's allegations that Mr. Williams negotiated with the landlord while still employed by Plaintiff is insufficient, by itself, to state a claim. Plaintiff must also allege some unfair act by Mr. Williams. But Plaintiff cannot allege any unfair acts by Mr. Williams because the lease information was not a secret and Mr. Williams did not misuse it. Accordingly, even if Gotta Run owed a duty to PRC—which it did not— the complaint still would not state a claim against Gotta Run for any breach of the duty not to compete.

[4] Plaintiff mentions that Mr. Williams learned the alleged trade secrets and communicated with the landlord "during business hours." Opp'n at 5. This fact alone cannot cure an otherwise defective breach of loyalty claim since PRC does not allege that Mr. Williams's job performance suffered as a result. *See Mercer Mgmt.*, 920 F. Supp. at 235 (no breach of duty of loyalty where no showing that employee's preparations to compete with employer affected performance of employee's duties).

information to encourage competitive bidding for the lease.[5] By failing to respond in any way to Gotta Run's argument on this point, Plaintiff concedes that the lease information was not a trade secret. LCvR 7(b); *Hopkins*, 238 F. Supp. 2d at 178; *Canady,* 2005 WL 1793476, at *8. For this reason alone, Plaintiff's trade secret Count as to Gotta Run cannot survive the Motion to Dismiss.

Instead of defending the legal merits of its claims, as is required in opposing a motion to dismiss, Plaintiff tries to add new factual allegations. Plaintiff contends that its allegations are not "based solely on a misuse of confidential information," and claims for the first time that Mr. Williams "received important lease negotiation information" from the landlord and "failed to disclose this information" or "fail[ed] to convey this important lease negotiation information" to Plaintiff. Opp'n at 2, 5. The Amended Complaint, however, contains no allegations that Mr. Williams "failed to disclose" or "failed to convey" lease information to Plaintiff. The Amended Complaint focuses solely on Mr. Williams's alleged *misuse* of the lease information. *See* Am. Compl. ¶¶ 14-15, 20-24, 28-29. And Plaintiff's Opposition, of course, is not the appropriate means by which to amend its complaint. *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 150 (D.C. Cir. 1994) ("normal procedure for requesting an amendment to the complaint in federal court is to file a [Rule] 15 motion to amend together with the proposed amendment or new pleading.").

---

[5] As discussed in Section II.A. of the Motion to Dismiss, the landlord was in no way bound to renew PRC's lease on the same terms and therefore had a strong interest in seeking competitive bids at the time of renewal. For this reason, PRC had no reasonable, valid business expectancy that its lease would be renewed at the lower rate. The only circumstance under which PRC could have such an expectation is if it had a contractual relationship with the landlord, or some other basis to reasonably believe that the landlord would act contrary to his commercial interests. *Carr v. Brown*, 395 A.2d 79, 84 (D.C. 1978). Plaintiff has made no such allegations.

Nevertheless, even taking as true all facts asserted in the Opposition, and viewing them in the light most favorable to the Plaintiff, PRC's claims *still* do not survive scrutiny. To plead a trade secret claim under DCUTSA, Plaintiff must allege not only (1) the existence of a trade secret but also (2) that the defendant acquired the trade secret as a result of a confidential relationship and (3) that the defendant used or disclosed the trade secret without authorization. *Catalyst & Chemical Svcs.*, 350 F. Supp. 2d at 7-8. The newly alleged fact that Mr. Williams "failed to disclose" or "fail[ed] to convey" the lease information to Plaintiff, Opp'n at 2, 5, fails to satisfy these elements for a number of reasons.

First, Mr. Williams was under no duty to convey to Plaintiff the expiration date or the rental rate of the lease because Plaintiff already knew the information. Indeed, the Amended Complaint makes clear that Mr. Williams was "given access" to the lease information and instructed to treat it as confidential *by the Plaintiff*. Am. Compl. ¶ 7-8.

Second, because Plaintiff already knew the information, Plaintiff could not have suffered any harm by the alleged failure of Mr. Williams to convey the information.

Third, the allegation that Mr. Williams learned the lease information from the landlord and failed to convey it to the Plaintiff actually establishes the very point that Gotta Run makes in its Motion to Dismiss—that the information was not a secret in the first place because the landlord knew it. For that reason, Plaintiff cannot plead the existence of a trade secret and fails to satisfy the first required element of a DCUTSA claim.

Fourth, Mr. Williams's acquisition of the information from the *landlord* demonstrates that Mr. Williams did not learn the information as the result of a confidential relationship with Plaintiff and, therefore, Plaintiff fails to satisfy the second required element of a DCUTSA claim.

Finally, by disclosing the lease information to, and negotiating with, Mr. Williams, the landlord authorized Mr. Williams to use the lease information, which belonged to the landlord. For that reason, Plaintiff fails to meet the third element of a DCUTSA claim—that the defendant used or disclosed the information without authorization. For all of these reasons, the misuse of trade secrets claim as to Gotta Run must be dismissed.

## III. The Court Should Dismiss the Amended Complaint With Prejudice.

In its Opposition, Plaintiff requests leave to amend under Rule 15(a). The Court should deny Plaintiff's request and dismiss the complaint with prejudice.

Plaintiff cannot amend the complaint "as a matter of course," as it claims, because (1) the *Amended* Complaint has already been amended at least once and (2) a responsive pleading, Mr. Williams's Answer, was filed long ago. *See* Certified Copy of Docket Sheet of the D.C. Superior Court, Number 05ca2710.

Nor should the Court grant Plaintiff leave to amend. While Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires," a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (citation omitted); *see also United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251 (D.C. Cir. 2004) (leave to amend properly denied where plaintiff provided no specifics and never indicated the particular grounds on which amendment was sought).

Indeed, the rules of this Court require a plaintiff to submit a proposed amended complaint so that the Court can assess whether granting leave to amend would make any difference. *See* LCvR 7(i) ("A motion for leave to file an amended pleading shall be

7

accompanied by an original of the proposed pleading as amended."). Failure to do so warrants denial of leave to amend. *See Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (failure to tender a proposed amended complaint in compliance with Local Rule warrants dismissal by District Court without further examination or comment).

In any event, attempting to amend would be futile. As explained above, Plaintiff's new factual allegation that Mr. Williams failed to disclose or convey the lease information to Plaintiff is insufficient to state a claim. And PRC has not provided any indication that additional factual allegations might cure the fundamental legal deficiencies in the Amended Complaint, namely that: (1) Plaintiff's common law breach of loyalty claim is a trade secret claim that is preempted by DCUTSA; (2) an allegation of a breach of a duty of employee loyalty cannot state a claim against a non-employee like Gotta Run; and (3) Plaintiff's lease information was not confidential or a trade secret under DCUTSA.

## CONCLUSION

For the foregoing reasons, Gotta Run respectfully requests that the Court dismiss with prejudice the Amended Complaint as to Gotta Run.

Respectfully submitted,

_/s/ L. Wade Weems_
Edward J. Bennett (DC Bar # 457112)
William T. Burke (DC Bar # 471948)
L. Wade Weems (DC Bar # 480624)

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: August 19, 2005            *Attorneys for Gotta Run, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2005, I have caused true and correct copies of the foregoing Reply In Support of Defendant Gotta Run's Motion to Dismiss Plaintiff's Amended Complaint to be served by First-Class Mail upon:

Brian J. Hundertmark, Esq.
Garson Claxton LLC
7910 Woodmont Ave.
Suite 650
Bethesda, Maryland 20814

*Attorney for Plaintiff Princeton Running Company*


Frederick D. Cooke, Jr., Esq.
Rubin, Winston, Diercks, Harris & Cooke
1155 Connecticut Avenue, NW
6th Floor
Washington, D.C. 20036

*Attorney for Defendant Andre Williams*


L. Wade Weems
Williams & Connolly LLP