UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC.,  )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Civil Action No. 05-1461 (RMU)
                                  )
                                  )
ANDRE WILLIAMS                    )
                                  )
and                               )
                                  )
GOTTA RUN, LLC                    )
                                  )
        Defendants.               )
_____)

## DEFENDANT GOTTA RUN'S MOTION
## IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

On April 8, 2003, Plaintiff Princeton Running Company ("PRC"), a Pennsylvania corporation registered to do business in the District of Columbia, filed this action in the Superior Court of the District of Columbia against Defendant Andre Williams, a citizen of Virginia, seeking damages of approximately $300,000. Though all of the requirements for federal diversity jurisdiction were present at the outset of the action, Mr. Williams did not remove the action from Superior Court to this Court. Over two years later, on June 24, 2005, Plaintiff served the Amended Complaint on a new Defendant, Gotta Run LLC ("Gotta Run"), a Virginia company jointly-owned by Mr. Williams and Peter Sherry. On July 25, 2005, within thirty days of service as required by 28 U.S.C. § 1446(a),[1] Gotta Run timely filed a notice of removal.

---

[1] The thirtieth day, July 24, 2005, fell on a Sunday and, therefore, was excluded from the computation of time under Rule 6(a) of the Federal Rules of Civil Procedure.

1

On August 12, 2005, Plaintiff filed a Motion to Remand on the ground that Gotta Run had not properly removed this action from the Superior Court. Plaintiff asserts that removal was improper for two reasons. First, Plaintiff argues Gotta Run is barred from removing the action, even within thirty days of service on Gotta Run, because Mr. Williams did not remove the action within thirty days after the original complaint was served on him, more than two years earlier.[2] According to Plaintiff, "later-added defendants [like Gotta Run] are bound to the original defendant's decision to litigate in Superior Court." Motion to Remand at 4. Second, Plaintiff claims that 28 U.S.C. § 1446(b) "imposes an additional time requirement on defendants by prohibiting removal based on § 1332 [diversity] jurisdiction more than one year after the action commences." Motion to Remand at 6.

Plaintiff's arguments for remand are refuted by a plain reading of federal law and the cases interpreting it, chiefly the Supreme Court's 1999 decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), which held that service of process—not informal notice of a lawsuit by other means—is necessary before the thirty day removal period begins to run and a defendant's removal rights begin to "slip away." Contrary to the "fundamental," "bedrock principle" expressed in *Murphy Brothers*, Plaintiff asks this Court to punish Gotta Run because another defendant, Mr. Williams, did not remove the matter; a choice that Mr. Williams made more than two years prior to the time Gotta Run was added as a party.

---

[2] Plaintiff goes to great lengths to suggest that the delay in adding Gotta Run as a Defendant was due to Andre Williams' tactics during the initial discovery phase. *See* Motion to Remand at 2-3. However, Plaintiff neglects to mention its own substantial role in delaying the progress of the case. Plaintiff and Mr. Williams *jointly* requested extensions of the time allotted for discovery on three separate occasions due to disagreement over a confidentiality order, without which Plaintiff refused to respond to certain document requests. After months of Plaintiff's delay, the Superior Court granted a defense motion to compel production and attributed part of the "interminable discovery delays in this matter" to Plaintiff, stating that Plaintiff's discovery responses "were not only long overdue, but, when produced, were incomplete and deficient." Superior Ct. Order Granting Motion to Compel at 2 (July 30, 2004). At any rate, whatever delay occurred between Mr. Williams and Plaintiff cannot be attributed to Gotta Run or Mr. Sherry, whose interests are imperiled by this Motion to Remand.

To rule that Gotta Run—then a non-party to this litigation—forfeited its rights because of Mr. Williams' independent decision two years ago not to remove the case would lead to an absurd and unfair result.[3] Rather, consistent with the plain language of the statute, and as confirmed by *Murphy Brothers*, the thirty-day clock starts upon service of process on each defendant. Nor is Gotta Run barred from removing the action by the one-year time limit in 28 U.S.C. § 1446(b). The plain language of the statute and the caselaw interpreting it make clear that the one-year time limit applies only to cases, unlike this one, that were not originally removable. The principles announced in *Murphy Brothers* also affect application of the one-year time bar and require that it not be applied in this case. Gotta Run's removal was timely, and Plaintiff offers no valid reason to deny Gotta Run access to the federal courts.

## ARGUMENT

### I.     Mr. Williams' Decision Not To Remove Does Not Affect Gotta Run's Right To Remove Under § 1446(b).

The question before the Court is whether a later-added defendant should be allowed the full statutory entitlement of thirty days from service of process in which to remove an action to federal court despite the fact that the first-served defendant neglected to exercise his right to remove within thirty days of the action's commencement. Although neither the Supreme

---

[3] Plaintiff falsely asserts that Mr. Williams' decision not to remove this action two years ago was also a decision by Gotta Run: "Defendants [plural] had every opportunity to seek removal in a timely manner, and failed . . . to do so." Motion to Remand at 7. In fact, Mr. Williams alone made the decision not to remove; Gotta Run was not a party to the litigation and could not make such a decision. Plaintiff cites no legal basis to conflate the identities of the two Defendants, and the Court should decline Plaintiff's invitation to do so. As for Plaintiff's assertion that Mr. Williams is the 70% owner of Gotta Run, that was once true, but is no longer accurate. To fund his defense in this litigation, Mr. Williams was forced to sell a large portion of his interest in Gotta Run to Peter Sherry. Thus, the addition of Gotta Run as a defendant threatens the financial interests of Mr. Sherry, who, until this year, had no idea that his investment in Gotta Run might be jeopardized by this lawsuit. Now that Gotta Run is a defendant, Mr. Sherry believes that Gotta Run's interests are best served by litigating this matter in this Court. Moreover, Plaintiff fails to inform the Court that even when Mr. Williams held a 70% interest in Gotta Run, he only had only 50% control rights and, thus, Mr. Williams could not unilaterally make decisions for the company. In short, Mr. Williams and Gotta Run are separate persons and the Court should treat them as such.

Court nor the Court of Appeals for the District of Columbia Circuit has addressed this issue directly, meaning that this Court is not bound by any controlling precedent, a fair reading of federal law and the cases interpreting it—and fundamental fairness—militate in favor of allowing Gotta Run the full thirty days from when it was first served as a defendant in this suit.

A. **There are *Three* Possible Rules for Interpreting § 1446(b) in the Context of Multi-Defendant Litigation.**

The most extreme interpretation of § 1446(b) restricts removal to the first-served defendant's thirty-day removal period. The "first-served" rule prevents later-served defendants from removing an action or from joining a valid petition for removal at any time after the first-served defendant's thirty days expire. *See, e.g., Getty Oil Corp. v. Ins.Co. of North America*, 841 F.2d 1254 (5th Cir. 1988). The first-served rule, thus, allows a later-served defendant's procedural rights to slip away long before that defendant becomes part of the lawsuit.

Other courts confronting this question, including this Court on one occasion, have adopted a less-restrictive, "intermediate" rule, holding that later-served defendants should be granted thirty days from their receipt of a summons to join a valid removal petition but that such defendants are bound to litigate in state court if earlier-served defendants did not file a removal petition within thirty days of the lawsuit's commencement. *See, e.g., McKinney v. Bd. of Tr. of Mayland Comm. Coll.*, 955 F.2d 924, 926 n.3 (4th Cir. 1992); *Phillips v. Corr. Corp. of Am., et al.*, Slip Copy, 2005 WL 627881 (D.D.C. 2005).[4] Plaintiff relies on this intermediate "*McKinney* rule" in its Motion to Remand, suggesting that, as between the first-served and *McKinney* rules, *McKinney* is the more lenient and fair to the later-added defendants. Motion to Remand at 4–5.

But Plaintiff neglects to mention a third alternative that fully protects the removal rights of later-added defendants such as Gotta Run. The majority of courts to have confronted

---

[4] *Phillips* is neither binding nor persuasive, as discussed at length in Part I.C, *infra*.

4

the question in the last five years have applied the "last-served rule," holding that prior defendants' removal decisions are wholly irrelevant to a later-added defendant's right to remove the action. Those courts have held that later-served defendants, irrespective of prior-served defendants' actions, are entitled to a full thirty days from the time that they are summoned in which to petition for removal. *See Marano Enters. of Kan. v. Z-Teca Rests.*, 254 F.3d 753, 756–57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Pkging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *Zollner v. Swan*, No. 03-1110, 2003 U.S. Dist. LEXIS 9766, at *7 (E.D. Pa. May 13, 2003); *Shadie v. Aventis Pasteur*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003); *Liberty Mut.Ins. Co. v. Bayer Corp.*, No. 02-343, 2002 U.S. Dist. LEXIS 12581, at *7-*8 (D. Del. July 8, 2002); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 343 (D. N.J. 2001); *Ford v. New United Motors Mfg.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994); *Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 22 (D. Mass. 1988); *Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001).

Indeed, the most recent federal Court of Appeals decision to address the issue applied the last-served rule. *See Marano Enterprises*, 254 F.3d at 762. In *Marano*, the Eighth Circuit determined that the removal statute's time limit cannot begin to run for any individual defendant until that defendant is officially served with process, and it held that this right to remove within thirty days from service of process cannot be altered by another defendant's earlier choice to litigate in state court. *See id.* In choosing the last-served rule instead of either the first-served or *McKinney* rule, the *Marano* court relied heavily on the Supreme Court's reasoning in *Murphy Brothers*. In *Murphy Brothers*, the Court determined that informal notification of a pending lawsuit does not suffice to start the defendant's thirty-day clock for removal. After examining the historical function of service of process, *Murphy Brothers* held that only an official summons can start the thirty-day limit running because only an official

5

summons can bring a defendant into the court's jurisdiction and subject that defendant to the court's procedural rules. Based on the Supreme Court's declaration that a defendant is bound by the thirty-day limit "only upon service of a summons," *id.* at 350, the Eighth Circuit determined that, "if faced with the issue" of a later-served defendant's right to remove, "the [Supreme] Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices." *Marano*, 254 F.3d at 756.

Because it represents the "modern trend" in § 1446(b) decisions, *Griffith v. Am. Home Prods. Corp.*, 85 F. Supp. 2d 995, 1000 (E.D. Wash. 2000), and because it has strong foundations in the Supreme Court's most recent interpretation of § 1446(b), the last-served rule should apply in this case.

B. **The *McKinney* Rule, Which Predates *Murphy Brothers*, Is No Longer Good Law in Light of the Supreme Court's Interpretation.**

The modern trend in § 1446(b) interpretations, represented by *Marano*, rejects both the first-served rule and the *McKinney* rule, which Plaintiff urges this Court to adopt because those rules are no longer good law after *Murphy Brothers*. The Supreme Court in *Murphy Brothers* determined that "[n]othing in the legislative history of [§ 1446(b)] . . . so much as hints that Congress . . . intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros.*, 526 U.S. at 352–53. Furthermore, the Court held that nothing in the text or legislative history of § 1446(b) served "to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority." *Id.* at 356. The *McKinney* rule is inconsistent with this interpretation of § 1446(b) because it allows the removal right of a later-

served defendant to "slip away" before the later-added defendant has become subject to the court's jurisdiction. In fact, Plaintiff urges this Court to hold that Gotta Run had completely forfeited its removal right two years, two months, and nine days before it was served with process. That result would be entirely inconsistent with the Supreme Court's holding.

The vast majority of courts to have addressed the effect of *Murphy Brothers* on removal in multi-defendant litigation have held that the only tenable interpretation of § 1446(b) requires application of the last-served rule. *Contrast Barnhart v. Federated Dep't Stores*, Slip Copy, No. 04 Civ. 3668, 2005 WL 549712 (S.D.N.Y. 2005) (holding that *Murphy Brothers* requires adoption of the last-served rule); *Harper v. Westfield Apartments*, Slip Copy, No. Civ. A. 04-2231, 2005 WL 747845 (E.D. Pa. 2005) (same); *Kimbrough v. City of Cocoa*, No. 605CV4710RL31KRS, 2005 WL 1126651 (M.D. Fla. May 5, 2005) (same); *Fitzgerald v. Bestway Servs., Inc.*, 284 F. Supp. 2d 1311 (N.D. Ala. 2003) (same); *Ratliff v. Workman*, 274 F. Supp. 2d 783 (S.D.W. Va. 2003) (same); *Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509 (M.D. Pa. 2003) (same); *Paradise Motors, Inc. v. Toyota de P.R.Corp.*, 249 F. Supp. 2d 698 (D.V.I. 2003) (same); *Callahan v. Callahan*, 247 F. Supp. 2d 935 (S.D. Ohio 2002) (same); *In re Tamoxifen Citrate Antitrust Litig.*, 222 F. Supp. 2d 326 (E.D.N.Y. 2002) (same); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 (D.N.J. 2001) (same); *Varela v. Flintlock Const., Inc.*, 148 F. Supp. 2d 297 (S.D.N.Y. 2001) (same); *Griffith v. American Home Products Corp.*, 85 F. Supp. 2d 995 (E.D. Wash. 2000) (same), *with Davidson v. Rand*, No. Civ. 05-CV-012, 2005 WL 768593 (D.N.H. Apr. 6, 2005) (upholding the first-served rule even in light of *Murphy Brothers*); *Smith v. Health Ctr of Lake City, Inc.*, 252 F. Supp. 2d 1336 (M.D. Fla. 2003) (same); *Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066 (E.D. Wis. 2001) (same), *and with Casley v. Barnette*, No. Civ. A. 04-3349, 2005 WL 517495 (E.D. La. 2005) (addressing the

effect of *Murphy Brothers* but declining to overturn binding Fifth Circuit precedent requiring application of the first-served rule); *Baych v. Herrick Douglass, Inc.*, 227 F. Supp. 2d 620 (E.D. Tex. 2002) (same).[5]

In fact, one District Court within the Fourth Circuit specifically determined that *Murphy Brothers* rendered the *McKinney* rule obsolete. *Ratliff*, 274 F. Supp. 2d at 790–91. *Ratliff* held that later-served defendants were entitled to a full thirty days in which to petition for removal because "service of process is a prerequisite for the running of the thirty-day removal period[.]" *Id.* at 790. The court summarized its reasoning as follows:

> Given the Court's emphasis in *Murphy Brothers* on the importance of proper service of process in "our longstanding traditional system of justice," it follows that the Supreme Court would find that the clock for removal begins to run only when any later-served defendant receives formal service of process. If a party is not required to take action in litigation until formal service of process, it follows that the removal rights of later-served defendants cannot be forfeited before being brought into litigation. The time limitation on seeking removal begins to run when the defendant is properly served in the state court action, not when the state court action is commenced. In applying *Murphy Brothers* to multi-defendant lawsuits, this court finds that it is following Supreme Court precedent as well as Congress's intent to assure defendants adequate time to remove an action to federal court.

*Ratliff*, 274 F. Supp. 2d at 790–91.

---

[5] Seventeen courts have confronted *Murphy Brothers* squarely, and all are cited in the text accompanying this note. Twelve have determined that the Supreme Court's interpretation requires adoption of the last-served rule. Furthermore, two of the five courts to maintain the first-served rule even in light of *Murphy Brothers* considered themselves bound by strong Fifth Circuit precedent requiring the first-served rule. *See Casley*, 2005 WL 517495; *Baych*, 227 F. Supp. 2d 620. Among those courts considering § 1446(b) in light of *Murphy Brothers*, therefore, the clear majority rule is that the Supreme Court's interpretation requires adoption of the last-served rule. Admittedly, several other courts have addressed the question since 1999 without considering the effect of *Murphy Brothers*. This Court is among those to have upheld a rule other than the last-served rule without considering whether *Murphy Brothers* requires a different result. *See Phillips*, 2005 WL 627881. Given that *Murphy Brothers* pronounced a new interpretation of the removal statute, however, the cases upholding the first-served and *McKinney* rules without considering *Murphy Brothers* are not at all persuasive.

The *Ratliff* court, therefore, refused to apply the *McKinney* rule, holding that it was no longer good law after *Murphy Brothers*.

### C.   This Court Has No Obligation to Follow the *McKinney* Rule.

The *McKinney* rule arises from the Fourth Circuit, and this Court is not bound by a sister circuit's interpretation of the removal statute. *See, e.g. Am.Rivers v. U.S. Army Corps of Eng'rs*, 271 F. Supp. 2d 230, 262 n.21 (D.D.C. 2003). Furthermore, to the extent that this Court respects Fourth Circuit holdings as persuasive precedent, the *McKinney* rule does not arise from a Fourth Circuit holding; rather, it is an expansion of dictum found in a footnote of the *McKinney* case. *See McKinney*, 955 F.2d at 926 n.3; *see also Ratliff*, 274 F. Supp. 2d at 787.

Although the *Phillips* opinion adopts the *McKinney* rule, 2005 WL 627881, at *3, this Court is not bound by that decision. *See, e.g., United States v. Drummond*, 98 F. Supp. 2d 44, 50 n.5 (D.D.C. 2000) ("[D]istrict Court cases [from the District of Columbia] are persuasive authority, but they *are not binding*.") (emphasis added). Furthermore, the *Phillips* Court adopted the *McKinney* rule with little analysis, meaning that there is no basis for this Court to determine whether the *Phillips* Court's logic in choosing the *McKinney* rule is persuasive. Most importantly, the *Phillips* opinion did not address *Murphy Brothers* or the effect that the Supreme Court's decision has had on interpretations of § 1446(b).

In fact, the only justification that the *Phillips* opinion gives for adopting the *McKinney* rule is that it seemed to be the most appropriate rule "*in the circumstances* of th[e] case." *Phillips*, 2005 WL 627881, at *3 (emphasis added). Given that the *Phillips* Court's choice seems to have been fact-dependent, it is relevant that this case differs from *Phillips* in one highly important respect: the first-served defendants in *Phillips* were highly sophisticated institutional defendants, the District of Columbia and the Corrections Corporations of America

9

Medical Staff. Mr. Williams, by contrast, is an individual defendant—the manager of a running shoe store—with modest financial resources.

Because *Phillips* is not binding, because the *Phillips* opinion provides little basis on which to determine whether or not its adoption of *McKinney* is persuasive, and because the *Phillips* holding seems dependent on specific facts that are not present in this action, the Court should not feel constrained in any way by the *Phillips* decision or by the *McKinney* rule.

**D.      The Circumstances of This Case Make a Remand Particularly Inappropriate.**

Even if this Court finds that the *McKinney* rule should control this case, the Court should allow removal under the equitable exception to the thirty-day time limit. Those courts that have adopted the first-served and *McKinney* rules have held consistently that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). Because § 1446(b) is a procedural rather than a jurisdictional rule, equitable considerations may influence the court's determination of whether to apply the time bar in a particular case. *See, e.g., Murphy Bros.*, 526 U.S. at 350, 353, 356 (referring to the thirty-day limit as a "*procedural* imposition" and referring to the defendant's right to a full thirty days from service of process as a "*procedural* right") (emphasis added); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 n.8 (5th Cir. 2003) (listing cases that find the thirty-day limit to be procedural and, therefore, subject to equitable considerations).

Two equitable considerations typically lead courts to reject a strict construction of § 1446(b) in individual cases. First, courts will waive the time bar if the plaintiff serves the least sophisticated defendant first. *See, e.g., White v. White*, 32 F. Supp. 2d 890, 893 (W.D. La. 1998). Second, courts will waive the time bar if the later-served defendant is named in an Amended

10

Complaint, long after the first-served defendant's thirty days have lapsed. *See, e.g., Bussey v. Modern Welding Co.*, 245 F. Supp. 2d 1269, 1274 (S.D. Ga. 2003); *Eltman v. Pioneer Commc'n of Am.*, 151 F.R.D. 311, 315 (N.D. Ill. 1993); *Garside*, 702 F. Supp. at 21; *see also Davidson*, 2005 WL 768593, at *3 (noting that the first-served rule may be inequitable, "depending on the timing of service," if it deprives "a particular defendant of *any* opportunity . . . to persuade the other defendants that removal is desirable"); *cf. Smith*, 252 F. Supp. 2d at 1346 (applying the first-served rule because the case was "not a situation where two defendants were served more than thirty days apart").

Both of these commonly-cited equitable considerations exist in this case. First, Mr. Williams is an individual defendant who lacks the substantial financial resources necessary to put up a vigorous defense in this litigation. By serving Mr. Williams first, Plaintiff significantly increased the chances that this case would not be removed within thirty days of its commencement. Second, Plaintiff waited more than two years before adding Gotta Run as a defendant. This significant delay indicates that Gotta Run had no means of anticipating its joinder to the case. Gotta Run therefore had no incentive either to notify Mr. Williams within the time limit of its desire to remove the case or to persuade Mr. Williams to remove the case himself.

Given that application of the *McKinney* rule would work substantial inequity in this case, Gotta Run respectfully urges this Court to deny Plaintiff's Motion to Remand.

II.   **The One-Year Time Limitation in § 1446(b) Applies Only To Cases Not Originally Removable and Is Irrelevant To Removal of This Action.**

Plaintiff erroneously claims that Gotta Run's removal of this action to federal court is "clearly barred by § 1446(b) as occurring more than one year after commencement of the

action." Motion to Remand at 6. This assertion is refuted by the plain language of § 1446(b) and the consensus view of the four federal Courts of Appeal that have addressed the question. These authorities make clear that the one-year time limit on removal in § 1446(b) applies only to cases that were *not* originally removable. But this case *was* originally removable. Plaintiff, a Pennsylvania corporation registered to do business in the District of Columbia, originally filed this action against Mr. Williams, a citizen of Virginia, seeking damages in excess of $75,000. Because all requirements for removal based on diversity jurisdiction were present at the outset of this lawsuit, it is not subject to the one-year time limit in § 1446(b).

    A.    **The Plain Language of § 1446(b) Makes Clear that the One-Year Time Limit Applies Only to Actions Not Originally Removable.**

The second sentence of § 1446(b) provides that:

> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of [diversity] jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).

The only fair reading of the statute is that the "except" clause containing the one-year time limit applies only to cases where "the case stated by the initial pleading is not removable." *Id.* Indeed, the "last antecedent rule" states that a qualifying phrase refers solely to the antecedent clause to which it is attached. *See* 3 Norman J. Singer, *Statutes and Statutory Construction* § 47.33 (6th ed. 2000). By applying this rule, the "except" clause qualifies *only* the second sentence of § 1446(b), which addresses only cases, unlike this one, that were not originally removable. 28 U.S.C. § 1446(b); *N.Y. Life Ins. Co. v. Deshotel,* 142 F.3d 873, 886 (5th Cir. 1998). Any other reading would "twist ordinary language usage and rules of grammar."

12

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). On the basis of the statute's plain language alone, the one-year bar on removal should not apply to Defendants in this case.[6]

- B. **Numerous Courts, Including Every Court of Appeals that Has Addressed the Issue, Have Held that the One-Year Time Limit Applies Only to Cases that Were Not Originally Removable.**

Plaintiff asserts that the one-year time limit applies to *all* cases removed on the basis of diversity jurisdiction. As with the thirty-day rule discussed above, Plaintiff ignores a substantial body of law that strongly refutes its blanket statement. Though this Circuit has not ruled on the issue, numerous courts, including all four federal appellate courts to have addressed the question, have found that the statute limits application of the "except" clause's one-year limit only to diversity cases *not originally removable*. *See, e.g., Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871 (8th Cir.), *cert. denied*, 537 U.S. 826 (2002); *Brierly*, 184 F.3d 527 (6th Cir. 1999); *Deshotel*, 142 F.3d 873 (5th Cir. 1998); *Ritchey*, 139 F.3d 1313 (9th Cir. 1998); *Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253 (W.D. Okla. 2004); *Paradise Motors*, 249 F. Supp. 2d 698; *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236 (D. Kan. 2001); *Lassila v. Werner Co.*, 78 F. Supp. 2d 696 (D.C. Mich. 1999). Indeed, no Court of Appeals has held that the one-year limitation of § 1446(b) is an absolute bar, while the four cited above have held that it applies only to initially non-removable cases.[7]

---

[6] In addition to plain text analysis, several Courts of Appeals have found that the legislative history of § 1446(b) provides support for applying the one-year bar only in cases that were not originally removable. *See Brierly*, 184 F.3d at 535; *Ritchey*, 139 F.3d at 1316-17; *Deshotel*, 142 F.3d at 886-87.

[7] Plaintiffs cite this Court's opinion in *Baylor v. District of Columbia*, 838 F. Supp. 7, 9 (D.D.C. 1993), where the Court stated that the one-year rule was an alternative basis for remand. For a number of reasons, *Baylor* does not apply to this case. First, and most importantly, the later-added defendant in *Baylor* sought removal under 28 U.S.C. § 1441(c), on grounds that the claim against it was "separate and independent," and removable if sued upon alone, and that joining that claim "with one or more otherwise non-removable claims or causes of action" rendered the entire case removable. *Baylor*, 838 F. Supp. at 9. The opinion thus indicates that the case was not removable as originally filed. As discussed above, non-removability of the original case triggers the one-year time bar in the "except" clause of § 1441(b). Thus, the one-year time limit clearly applied in *Baylor*. The trigger, however, is absent in this case, which was

      **C.**    **The Supreme Court's Holding in *Murphy Brothers* Strengthens The Conclusion that the One-Year Time Limit Should be Restricted to Actions Not Originally Removable.**

The Supreme Court's recent opinion in *Murphy Brothers* reaffirms the basic rule that a defendant is not obliged to engage in litigation before being brought under a court's authority by formal process. *Murphy Bros.*, 526 U.S. at 347. This rule—which the Court described as "fundamental" to our system of justice, *id.* at 350, and as a "bedrock principle," *id.* at 347—strengthens the conclusion that the one-year time limit in § 1446(b) should apply only to cases that were not originally removable.

In *Murphy Brothers*, the plaintiff filed the action but did not serve a summons on the defendant until three weeks later. The defendant removed the case to federal court. The plaintiff sought remand, arguing that the time limit in the first paragraph of § 1446(b) began to run not when the defendant received the summons, but two weeks earlier when the plaintiff faxed the defendant a "courtesy copy" of the file-stamped complaint. Though the language of the relevant portion of the statute requires a defendant to petition for removal "within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading," 28 U.S.C. § 1446(b) (emphasis added), the Court held that the mere receipt of a courtesy copy of the complaint did not suffice to start the clock.

The absolute one-year bar rule suggested by Plaintiff here runs counter to the principle clearly stated in *Murphy Brothers* and would lead to the absurd result of requiring a

---

removable at the outset. *Baylor*, a decision that did not address the question presented here, but did address an action that was not originally removable, simply is not relevant to this discussion. Second, as the opinion of another District Judge, *Baylor* is not binding precedent in this matter. *Drummond*, 98 F. Supp. 2d at 50 n.5. Third, the case was decided in 1993, several years before the Courts of Appeals for the Fifth, Sixth, Eighth and Ninth Circuits decided against blanket application of the one-year limitation, and refused to apply the rule unless the case was non-removable at the outset. *Brown*, 284 F.3d 871; *Brierly*, 184 F.3d 527; *Deshotel*, 142 F.3d 873; *Ritchey*, 139 F.3d 1313. Fourth, *Baylor* was decided over six years before the Supreme Court decision in *Murphy* Brothers, which is critical to the analysis of the application of the one-year time bar.

defendant to attempt to remove a case before being served (assuming it had notice of the suit), or forfeit its right to do so later. It would "render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority," 526 U.S. at 356, a result the *Murphy Brothers* Court intended to avoid.

And the "bedrock principle" grounding the *Murphy Brothers* decision—that a defendant should not be forced to litigate before being brought under a court's authority by formal process–is even more compelling in this case, where Gotta Run merely urges this Court to follow the plain language of the statute, rather than discount part of the statutory text as the *Murphy Brothers* Court had to do. The Supreme Court refused to find that Congress intended to dispense with "service of process as the official trigger for responsive action" by a defendant merely because the statute said that the time period for removal began when defendant received the initial pleading "by service *or otherwise.*" *Id.* at 353 (emphasis added). The Supreme Court found that "it would take a clearer statement than Congress has made" to do so. *Id.* at 356. To this date, Congress has never made such a "clearer statement" and, thus, § 1446(b) bars application of the one-year time limit in this case, a result that comports with the principles highlighted in *Murphy Brothers*.

## CONCLUSION

For the foregoing reasons, Gotta Run respectfully requests that this Court deny Plaintiff's Motion to Remand.

          Respectfully submitted,

*[signature]*

Edward J. Bennett (DC Bar # 457112)
William T. Burke (DC Bar # 471948)
L. Wade Weems (DC Bar # 480624)

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: August 23, 2005         *Attorneys for Gotta Run, LLC*