## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PRINCETON RUNNING COMPANY, INC.      :
     :
         Plaintiff,      :
     :
       v.      :        Civil Action No. 05-1461 (RMU)
     :
ANDRE WILLIAMS      :
     :
       and      :
     :
GOTTA RUN, LLC      :
     :
         Defendants.      :

## REPLY IN SUPPORT OF MOTION TO REMAND

Defendant Gotta Run, LLC removed this case from the Superior Court of the District of Columbia. Plaintiff has filed a Motion to Remand the case and Defendant Gotta Run has filed an opposition to the Motion. "When a plaintiff files a motion to remand, the defendant bears the burden of proving that the court has jurisdiction." *Phillips v. Corrections Corp. of America, et al.*, Slip Copy, 2005 WL 627881 (D. DC 2005), *citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Plaintiff asserts that Defendant Gotta Run has failed to carry the burden of proving that this court has jurisdiction. Therefore, the case should be remanded to the Superior Court of the District of Columbia.

A defendant seeking removal must seek to remove within 30 days of service on that defendant of a removable complaint. This 30-day requirement is inherently fair as a defendant should not be allowed to remove a case, which it could have removed at an earlier time, after the case has been prosecuted at length. Here, the initial defendant, Andre Williams, was served with

a removable complaint on April 15, 2003. Defendant Williams did not seek removal. Therefore, Defendant Williams is barred from obtaining removal at this time.

In an action with a later-added defendant, the later-added defendant is barred from removal if the original defendant failed to seek removal within 30 days after original service on the original defendant of a removable complaint. Again, this requirement is inherently fair as removal is permitted only if all defendants seek removal and as it prohibits the original defendant from a "second bite" at seeking removal after that defendant failed to exercise its rights. Here, for reasons outside the control of Plaintiff (and, indeed, due to actions of the original defendant), the newly-added defendant, Gotta Run, was served after the original defendant's time in which to seek removal had lapsed. Therefore, there is no unanimity among the defendants in seeking removal and the original defendant cannot have a "second bite" at seeking removal.

Removal is also inappropriate because Gotta Run failed to seek removal within one year of the commencement of the action. This one-year requirement is inherently fair as a defendant should not be allowed to remove a case after the case has been prosecuted at length. Here, significant progress has been made in the Superior Court of the District of Columbia, where the case has been pending for more than two years. Therefore, the purpose of the one-year bar to prevent removal where significant progress has been made in the local court is applicable.

## ARGUMENT

I.    **Defendant Williams' Failure to Seek Removal within 30 Days of Service is Fatal to Defendant Gotta Run's Removal of this Case.**

    a.    **The *McKinney* Rule Remains Good Law and can be applied Freely by this Court.**

The relevant question for this court is whether Andre Williams should be permitted to go back on his decision to litigate in local court, particularly more than two years into the lawsuit

and after a trial date has already been set. Earlier this year, Judge Leon issued the only recent opinion in this jurisdiction to have addressed such a question. *See Phillips v. Correctional Corp. of America, et al.*, No. Civ. A. 04-858 RJL, 2005 WL 627881, at *3 (D. D.C. March 16, 2005). Judge Leon found the Fourth Circuit's decision in *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924 (4th Cir. 1994) to be persuasive and adopted the Fourth Circuit's so-called *McKinney* rule as the best of three alternate solutions. *Phillips,* 2005 WL 627881 at * 3.

Although ignored by Gotta Run in its opposition to remand, the significance of the *McKinney* rule to this matter is its impact on the original defendants to an action. The *McKinney* court barred earlier defendants from seeking a second bite at removal after such defendants failed to exercise their removal rights within the original 30 days provided by §1446(b). *See McKinney*, 955 F.2d at 926 n.3. For purposes of this matter, the *McKinney* rule does not so much prohibit a later-added defendant from removing an action within the 30-day period as it does bar an earlier defendant from consenting to removal once that defendant's 30-day window has expired. *Id.*; *see also Superior Painting & Contracting Co., Inc., v. Walton Technology, Inc., et al.*, 207 F. Supp.2d 391, 393 (D. Md. 2002).

The *McKinney* court expressly stated that "individual defendants have thirty days from the time they are served with process or with a complaint *to join in an otherwise valid removal petition.*" 955 F.2d at 928 (emphasis added). In order to protect the removal rights of later-added defendants such as Gotta Run, the *McKinney* court allowed such defendants the full 30-day period for removal *provided that* the earlier defendant had also sought removal. To do otherwise would provide an earlier defendant with two 30-day periods in which to remove an action, and expressly defy the mandates of §1446(b). If an earlier defendant is thus barred from

consenting to removal, the necessary effect is to prevent a later defendant from removing the matter, because the later defendant cannot obtain the unanimous consent for removal required of all defendants. *E.g., Phillips*, 2005 WL 627881 at *2 (unanimous consent required for removal); *Superior Painting*, 207 F. Supp.2d at 393 (same).

Courts consider such a result to be fair because it leaves the later defendants no worse off than they would be had the earlier defendant expressly refused to consent to removal, instead of merely failing to take timely action. *See, e.g., Branch ex rel. Branch v. Coca-Cola Bottling Co. Consolidated, et al.*, 83 F. Supp.2d 631, 635 (D. S.C. 2000); *see also Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F. Supp.2d 1131, 1134 (D. Colo. 2004). As the *Branch* court stated in response to a defendant's argument that unfairness resulted from holding a later-served defendant to an earlier defendant's decision to remain in state court: "what defendants seem to be arguing, although they do not expressly say so, is that later-served defendants should be given an opportunity to attempt to change the decision of a previously served defendant that chose not to remove." 83 F. Supp.2d at 636. The court rightly refused the defendants' attempts to mold such a strategic advantage from the otherwise plain language of §1446(b).

Plaintiff strongly contests Gotta Run's assertion that Judge Leon exercised "little analysis" in adopting the *McKinney* rule. Rather, Judge Leon's decision addresses the issue, relates the law, considers the different approaches courts have taken to interpret the law, and makes a prudent adoption of the *McKinney* rule. *See Phillips*, 2005 WL 627881 at * 3. Plaintiff agrees with Judge Leon's rejection of the position advocated by Gotta Run: that recent Supreme Court rulings – namely *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) – have any effect on the *McKinney* rule at all. Indeed, most federal judges in the Fourth Circuit to consider the *McKinney* rule in the years since *Murphy Bros.* have also continued to apply the

*McKinney* rule. *See, e.g., Unicom Systems, Inc. v. National Louis University*, 262 F. Supp.2d 638, 640 n.1 (E.D. Va. 2003) (affirming *McKinney* rule); *Superior Painting*, 207 F. Supp.2d at 393 n.5 (remanding on basis of *McKinney* rule); *Gee v. Lucky Realty Homes, Inc.*, 210 F. Supp.2d 732, 735 (D. Md. 2002) (same); *Branch ex rel. Branch v. Coca-Cola Bottling Co. Consolidated, et al.*, 83 F. Supp.2d 631, 635 (D. S.C. 2000) (same); *Dansberger v. Hartford County Educ. Ass'n, Inc.*, No. Civ. A. WMN-00-1712, 2000 WL 1593486, at *3 (D. Md. Oct. 20, 2000) (same). *But see Ratliff v. Workman*, 274 F. Supp.2d 783, 787 (S.D. W.Va. 2003) (rejecting *McKinney* rule).

Plaintiff respectfully asserts that application of the *McKinney* rule is as fair and logical in this matter as it was in *Phillips* earlier this year. When this lawsuit was filed, the original defendant in this matter, Andre Williams, was not merely "the manager of a running store ... with modest financial resources," as described by Gotta Run.[1] Rather, Mr. Williams was a college graduate and successful businessman who owned a 70% interest in Gotta Run and "runs everything" regarding the day-to-day business, as conceded by Gotta Run's corporate designee, Peter Sherry. Upon service of the original complaint on Mr. Williams, Mr. Williams acted as a sophisticated defendant by promptly retaining legal counsel. The counsel Mr. Williams retained, Harry M. Singleton, is a graduate of Yale Law School, is a respected member of the District of Columbia bar, and has been admitted to the District Court for the District of Columbia for more than 30 years. Mr. Singleton was undoubtedly well aware of his client's rights of removal. Despite these resources, however, and despite the fact that the original lawsuit was removable,

---

[1] Gotta Run attempts to distinguish the instant case from *Phillips* by stating that the first-served defendants in *Phillips* were highly sophisticated and claiming that the first-served defendant in the instant case, Andre Williams, is not sophisticated. As explained herein, Gotta Run's claim as to Mr. Williams is factually erroneous.

Mr. Williams and his counsel made the decision not to seek removal and instead to litigate this matter in local court. As the original defendants in *Phillips* were thus held to their decision to litigate in local court, so should Mr. Williams be held to that decision here.[2]

      b.      **Gotta Run's Misinterpretation of *Murphy Brothers* should not be Persuasive to this Court.**

Gotta Run seeks to persuade this Court to read the Supreme Court's decision in *Murphy Bros.* as somehow relevant to this Court's analysis in this matter. But *Murphy Bros.* is almost completely irrelevant to the question of whether Gotta Run is bound by Andre Williams' decision to litigate this matter in local court, and this Court should reject Gotta Run's position accordingly.

The Supreme Court in *Murphy Bros.* did not address any of the issues present in this matter because the court was not faced with multiple defendants, whether first-served, later-served, or otherwise. Instead, the court was asked to decide whether the receipt by the sole defendant of a courtesy copy of the plaintiff's complaint was enough to start the 30-day clock for removal in 28 U.S.C. 1446(b). As often happens in civil matters, the plaintiff in *Murphy Bros.* faxed a courtesy copy of the filed complaint to the defendant prior to attempting to effect official service. Once settlement discussions during the following weeks proved unsuccessful, the plaintiff proceeded with the lawsuit by effecting actual service on the defendant. The issue before the court was whether the defendant's receipt of a courtesy copy of the complaint constituted "receipt by the defendant, through service or otherwise, of a copy of the initial pleading" as required to start the 30-day window for removal in §1446(b). The court found that

---

[2] Gotta Run also claims that Mr. Williams was a defendant of "modest financial resources". This claim is belied by Mr. Williams' 70% interest in a successful business. Also, the claim does not explain how a party's financial resources should be a factor in the decision to remove a case to federal court as the costs of removing a case are relatively small and the costs of litigating in the Superior Court and the federal court are relatively comparable.

only official service, and not mere delivery of a courtesy copy of the complaint, was required to start the 30-day window for a defendant to seek removal.

Gotta Run has encouraged this Court to read *Murphy Bros.* as resolving a question not even presented to that court: how an earlier defendant's failure to seek timely removal affects that defendant's ability to consent later to removal by a later defendant. Such a reading of *Murphy Bros.* defies the language of the opinion. Nowhere does the *Murphy Bros.* decision address the impact on later-served defendants of an earlier defendant's decision not to remove. Indeed, the court did not have the opportunity to consider that question, because *Murphy Bros.* had only one defendant. Moreover, the court's decision – that official service is necessary to start the 30-day window for removal – is entirely consistent with the *McKinney* rule as applied by Judge Leon in *Phillips.* The original defendants in *Phillips* had 30 days in which to remove or consent to removal, and they did not do so. 2005 WL 627881, at *1. Once their 30-day window expired, the defendants were not permitted to receive a new 30-day window by virtue of the addition of new defendants. *Phillips,* 2005 WL 627881, at *3. Likewise, Mr. Williams had 30 days in which to remove or consent to removal of the lawsuit against him, and he chose not to do so. Because Mr. Williams did not consent within his 30-day window, he cannot now consent to Gotta Run's notice of removal. Had Gotta Run been served simultaneously with Mr. Williams, there would be no question that his decision not to remove would have prevented removal of this matter. Gotta Run seeks to give Mr. Williams a new 30-day window in which to consent, however, and such maneuvering is unfair to Plaintiff, who is entitled to rely on Mr. Williams' decision.

In its haste to urge a misinterpretation of *Murphy Bros.* on this Court, Gotta Run has mistakenly suggested that the "vast majority" of courts to consider the question have adopted

Gotta Run's position.  However, while Gotta Run claims it found only five courts that refused Gotta Run's interpretation of *Murphy Bros.*, more than twice that many courts actually have considered *Murphy Bros.* and refused to adopt the position advocated by Gotta Run.[3]  Moreover, Gotta Run has only provided one case that directly addresses the *McKinney* rule in light of *Murphy Bros.  See Ratliff*, 274 F. Supp.2d at 787. As discussed in I.a. *supra*, however, most Fourth Circuit decisions since *Murphy Bros.* have not taken the route chosen by the *Ratliff* court and have instead continued to apply the *McKinney* rule to multiple defendants.  Given the clear continued support for the *McKinney* rule and the irrelevance of the *Murphy Bros.* decision to this matter, plaintiff respectfully requests this Court apply the *McKinney* rule here and remand this matter to local court.

   c.    **Equitable Considerations Favor Remand.**

   Gotta Run claims that equitable considerations make remand inappropriate and encourages review of two equitable considerations: (1) service of the less sophisticated defendant first; and (2) service of the later-added defendant in an amended complaint more than 30 days after service on the original defendant.  However, neither of these considerations favors Gotta Run and other considerations strongly favor remand of the action.

---

[3]  *See Casley v. Barnette, et al.*, No. Civ. A. 04-3349, 2005 WL 517495, at *2 (E. D. La. Feb. 22, 2005) (expressly refusing such an application of *Murphy Bros.*); *Davidson v. Rand*, No. Civ. 05-CV-012, 2005 WL 768593, at *4 (D. N.H. Apr. 6, 2005) (same); *Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F. Supp.2d 1131, 1134 (D. Colo. 2004) (same); *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, No. MDL 1446, Civil Action Nos. H-01-3624, H-03-2345, 2004 WL 1237497, *18 (S.D. Tex. May 20, 2004) (same); *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp.2d 1336, 1345 (M.D. Fla. 2003)(same); *Baych v. Herrick Douglass, Inc.*, 227 F. Supp.2d 620, 622 (E.D. Tex. 2002)(same); *Iulianelli v. Lionel, LLC*, 183 F. Supp.2d 962, 967 (E.D. Mich. 2002) (same); *Auchinleck v. Town of LaGrange*, 167 F. Supp.2d 1066, 1069-70 (E.D. Wisc. 2001) (same); *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.*, No. 04-1377-JTM, 2005 WL 1153600, at *2 (D. Kan. May 16, 2005) (remanding to state court while citing *Murphy Bros.* only for unrelated holding); *Microtune, Inc. v. Big Shine Worldwide, Inc.*, No. Civ. A. 3:03-CV-726-K, 2004 WL 414901, at *2 (N.D. Tex. Feb. 11, 2004) (same); *Biggs Corp. v. Wilen*, 97 F. Supp.2d 1040, 1042 n.1 (D. Nev. 2000).

Gotta Run's first claim, that Plaintiff served the less sophisticated defendant first, has been addressed in I.a. *supra*. As noted, Defendant Andre Williams is not an unsophisticated defendant and promptly retained experienced legal counsel who decided to stay in local court. Also, Gotta Run cannot be presumed to be more sophisticated than Mr. Williams in that Mr. Williams is the 70% owner of Gotta Run and the other member of the Gotta Run limited liability company, Peter Sherry, has a background similar to that of Mr. Williams.

Gotta Run's second claim, that courts will waive the time requirement if the later-served defendant is named in an amended complaint after the first-served defendant's time to remove has lapsed, fails to relate the equitable problem that many of such courts have tried to address in these decisions. Namely, these courts have granted an equitable exception if it is apparent that the plaintiff has tried to "fix the system" by intentionally serving the later-added defendant after the deadline has lapsed. *E.g. Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1284 (E.D. Va. 1991); *see also, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986) (considering whether plaintiff's delay was in bad faith); *Sledz v. Flintkote Co.*, 209 F. Supp.2d 559, 564 (considering whether plaintiff had engaged in "gimmicks" and "artful maneuvering"); *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp.2d 1223, 1229 (C.D. Cal. 2000) (considering whether plaintiff intentionally manipulated the naming of defendants or effecting of service to stay in state court). In *Saunders*, which dealt with an attempt by a defendant to apply the equitable exception to the one-year bar, the court said, "Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal." 777 F. Supp. at 1284. Here, Plaintiff has not engaged in any attempt to manipulate the removal process. Rather, as noted in the Motion to Remand, Plaintiff desired to add Gotta Run as a

defendant at the outset of the litigation, was not able to do so under local Rule 11(b) because of a lack of evidence against Gotta Run, sought the evidence in discovery efforts, and was thwarted by Defendant Andre Williams' deceptive responses. Only after Plaintiff defeated Defendant Williams' delays and deceptiveness was Plaintiff able to depose Gotta Run and obtain the evidence needed to add Gotta Run as a defendant.[4]

Other equitable considerations favor remand of this case. First, significant progress has been made in the Superior Court of the District of Columbia, where the case has been pending for more than two years, discovery has been completed, a pretrial conference held, the presiding judge fully briefed, and a trial date set. Second, the service of the complaint on Gotta Run was

---

[4] Gotta Run asserts that Plaintiff had a "substantial role" in discovery delays. Plaintiff understands that Gotta Run's counsel is new to the case and its history and that Gotta Run's counsel may feel a need to "put a spin" on the facts. However, this assertion is beyond the pale. Plaintiff does not wish to belabor the point or to descend into bickering with opposing counsel, but feels that the record must be made straight: (1) Defendant Williams refused to accept a confidentiality agreement with respect to his discovery requests for "all confidential and proprietary information alleged to have been misused by Defendant", claiming that such request did not seek confidential and proprietary information, and Plaintiff was forced to obtain an order from the Court requiring one; (2) Defendant Williams insisted that the confidentiality agreement permit him to provide Plaintiff's confidential and proprietary information to any third party he chose without advising Plaintiff, and Plaintiff was forced to obtain an order from the Court restricting such disclosure without prior notice; (3) Defendant Williams violated the terms of the Confidentiality Agreement and Plaintiff was forced to obtain an order from the Court for redress; (4) Defendant Williams provided false and deceptive responses to Plaintiff's discovery requests, which Plaintiff could not discover until it deposed Gotta Run; and (5) Defendant Williams canceled depositions without proper notice and Plaintiff had to obtain an order from the Court to impose discovery abuse sanctions on Defendant Williams. Gotta Run's reference to the Court's statement that Plaintiff's discovery responses were "incomplete and deficient" is similarly overstated. The only deficiencies the Court noted were Plaintiff's failure to provide a written statement that Plaintiff had no tax returns in the year 2000 (when an oral statement had been provided) and Plaintiff's failure to provide complete contact information for two officers of Plaintiff in response to an interrogatory (both of whom were fully identified in response to another discovery request and were personally known by Defendant Williams). Further, the Court agreed with Plaintiff's assertion that these minor matters could have been dealt with in a single telephone call rather than the time-wasting use of a motion to compel by stating that Defendant Williams' motion to compel "is probably something that could, and should, have been resolved informally between counsel". In short, all discovery delays were the act of Defendant Williams.

delayed by the actions of Defendant Williams, who would be rewarded for his conduct by allowing him to have a "second bite" at removal. Third, the two defendants are functionally the same in that Defendant Williams is the 70% owner and controlling member of Gotta Run and his knowledge of the case can be imputed to Gotta Run.[5] Fourth, Gotta Run's motives in trying to remove this case are suspect in that, if Gotta Run succeeds in its removal of this case and in its pending motion to dismiss the claims against it, the case against Defendant Williams will remain in federal court, despite the fact that the plaintiff had filed in local court and wishes the case to stay there and the remaining defendant decided not to seek removal more than two years ago and has prosecuted the case in local court for more than two years; this result, of two parties who specifically chose to litigate in local court being required to litigate in federal court, would be the most inequitable result possible.

## II.    Removal should be Barred by the One-Year Limitation in 28 U.S.C. 1446(b).

### a.    The Analysis urged on this Court by Gotta Run is not Consistent with the Language of §1446(b).

Gotta Run attempts to argue that the one-year limitation in §1446(b) cannot be applied to a class of defendants such as Gotta Run without violating the holding of *Murphy Bros.* The only logical conclusion to that argument, however, is that the one-year limitation in §1446(b) cannot be applied to anyone without violating the holding of *Murphy Bros.* If *Murphy Bros.* actually served as a barrier to the application of the one-year limitation to anyone, much less defendants such as Gotta Run, then there would be no basis whatsoever for applying the one-year limitation to any defendants.

---

[5] The other member of Gotta Run, Peter Sherry, stated in deposition that he had been shown the original of the complaint in 2003 and had conversations with Defendant Williams on the status of the case since that time.

By Gotta Run's logic, the one-year limitation could never be enforced, because any defendant added to a lawsuit more than one year past its commencement would nonetheless receive 30 days in which to remove the action. Such a result contradicts the language of the statute, which states, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. 1446(b). The language of §1446(b) shows that Congress clearly intended to bar *some* defendants from removing a lawsuit more than one year after commencement, regardless of when those defendants were served. However, if *Murphy Bros.* is applicable to the one-year limitation, as Gotta Run has stated to this court, then *no* defendants may be barred from removing a lawsuit, whether or not they seek to do so on diversity grounds more than one year after commencement. Plaintiff has difficulty reading such an intent into *Murphy Bros.* because, when the Supreme Court intends to overturn a law, it typically makes that intention clear. *See, e.g., U.S. v. Morrison*, 529 U.S. 598, 617 (2000) ("Congress' effort in §13981 to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under §5 of the Fourteenth Amendment.") In *Murphy Bros.*, the court neither stated that it intended to overturn any part of §1446(b) nor mentioned the one-year limitation at all. Had the Supreme Court intended to overturn the one-year limitation in §1446(b), history suggests the court would have at least mentioned the one-year limitation in its decision.

**b.     Application of the One-Year Limitation should Bar Gotta Run's Removal in this Matter.**

Plaintiff will not suggest to this Court that the plain language of §1446(b) supports either defendant's or plaintiff's position in this matter. The fact that other jurisdictions have split on the question of whether the one-year limit applies to all diversity-based removal or only removal of actions that were not originally removable suggests that the plain language of the statute could

be read to support either position. *Compare, e.g., Rashid v. Schenck Const. Co., Inc.*, 843 F. Supp. 1081, 1086 n.6 (S.D. W.Va. 1993) ("There is no discernible basis for applying the one-year cap to cases which later become removable but not to those removable on the initial pleading.") *and Howell v. St. Paul Fire and Marine Ins. Co.*, 955 F. Supp. 660, 663 (MD La. 1996) (applying one-year limitation only to actions not removable at commencement). However, commentators have found that the language of §1446(b) does not appear to limit the requirement solely to originally non-removable matters. *See, e.g.,* Wright & Miller, Federal Practice and Procedure, § 3732.[6] The District Court for the District of Columbia has likewise not restricted the one-year limitation only to cases that were not originally removable. *Baylor v. District of Columbia*, 939 F. Supp. 7, 9 (D. D.C. 1993). Moreover, the equitable considerations that have often driven courts to allow removal after the expiration of the one-year period are not present here to support Gotta Run. If anything, those equitable considerations – as discussed in I.c. *supra* – should suggest to the Court that equitable considerations weigh in the plaintiff's favor and in favor of remand to the local court for trial.

---

[6] "A few courts that have dealt with the issue have asserted that only initially non-removable cases are affected by the one-year bar to removal … This is not an inevitable construction of the statute, however. Textually, it might be read as applying to all diversity cases, whether initially removable or not." Wright & Miller, FPP § 3732.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully seeks remand of this action to the Superior Court of the District of Columbia.

Respectfully submitted,

Charles R. Claxton (D.C. Bar No. 249979)
Brian J. Hundertmark (D.C. Bar No. 410355)
Garson Claxton LLC
7910 Woodmont Avenue, Suite 650
Bethesda, Maryland  20814
(301) 280-2700

Attorneys for Plaintiff

Dated:  August 29, 2005