UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PRINCETON RUNNING CO., INC.,        )
                                    )
       Plaintiff,                   )
                                    )
  v.                                )   Civil Action No. 05-1461 (PLF)
                                    )
ANDRE WILLIAMS, *et al.*            )
                                    )
       Defendants.                  )
_____)

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on a motion to remand [4] by plaintiff Princeton Running Co., Inc. The original complaint in this action was filed in the Superior Court of the District of Columbia and was served on defendant Andre Williams on April 15, 2003. An amended complaint was filed on June 21, 2005, adding Mr. Williams' business, Gotta Run, LLC, as a defendant. On July 25, 2005, newly-joined defendant Gotta Run, Inc. ("Gotta Run") filed a notice of removal to federal court.

I. BACKGROUND

       Plaintiff Princeton Running Co., a Pennsylvania corporation, filed this action for misuse of trade secrets and breach of fiduciary duty against defendant Andre Williams, a former employee, on April 15, 2003. See Mot. Remand at 1. Because Williams is a citizen of the Commonwealth of Virginia, and the complaint sought almost $300,000 in damages, the case could have been removed to federal court when it was first filed. See Am. Compl. at 2, 6; see also 28 U.S.C. §§ 1332(a); 1446(a), (b). Mr. Williams, however, did not file a notice of removal

within the 30-day time limit set forth in 28 U.S.C. § 1446(b).

The case progressed through discovery in Superior Court, and was scheduled for trial on October 11, 2005. See Notice of Removal, Exh. A at 37-40 (Judge Weisberg's Pretrial Order of May 9, 2005). On the basis of information that came to light late in the discovery process (and which plaintiff asserts that Williams had intentionally concealed), plaintiff filed a motion to amend its complaint to join Gotta Run, Inc. as a defendant. See Mot. Remand at 3. The Superior Court granted the motion, and the amended complaint was filed on June 21, 2005. On July 25, Gotta Run (joined by Williams) filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441(a). Shortly thereafter, Gotta Run filed in this Court a motion to dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff then moved to remand the case to Superior Court.

## II. DISCUSSION

Plaintiff argues in his motion to remand that removal to this Court was improper on two grounds: (1) Williams' failure, when the action first commenced, to file a notice of removal within the 30-day deadline set by 28 U.S.C. § 1446(b) precluded removal after Gotta Run was joined; and (2) the removal of this action is further barred by the one-year time limit for the removal of diversity actions also set forth in Section 1446(b). See Mot. to Remand at 1. The Court agrees that defendant Williams' failure to remove this action, which was removable at the time of the filing of the original complaint, within the 30-day time period set forth in 28 U.S.C. § 1446(b) precludes defendant Gotta Run from removing the case. As a result, the Court need not decide whether the removal of the action is further barred by the one-year time limit in

Section 1446(b).

Under the federal removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[1] This provision is not limited to federal question jurisdiction but also extends to those actions in which original jurisdiction exists on the basis of diversity of citizenship. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). The burden falls on the removing defendants to demonstrate the federal district court's jurisdiction. See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377 (1994).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 100-107 (1941); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Williams v. Howard University, 984 F. Supp. 27, 29 (D.D.C. 1997). Section 1446(b) of Title 28 sets out the procedures for removal, and states, *inter alia*, that the notice of removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). It further provides that "[i]f the case stated by the

---

[1] The term "State court" includes the Superior Court of the District of Columbia, and the term "State" includes the District of Columbia. 28 U.S.C. § 1451.

initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Id. (emphasis added).² Therefore, if a case meets the requirements for removal when it first is filed in state court, the defendant must file a notice of removal within 30 days of being properly served with a summons and/or complaint. See 28 U.S.C. § 1446(b); see also Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999).

As a general rule, in cases with multiple defendants, removal is only appropriate when each defendant unambiguously and independently consents to removal. See Kopff v. World Research Group, 298 F. Supp. 2d 50, 54 (D.D.C.2003) ("[I]t is well established that removal generally requires unanimity among the defendants."). Therefore, unless each defendant

---

² Section 1446(b) reads, in its entirety:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

consents to removal in accordance with Section 1446(b)'s 30-day time period, the removal is untimely. See Williams v. Howard Univ., 984 F. Supp. at 29. Determining whether each defendant's consent to removal is timely can be problematic when, as in this case, a defendant is added to an ongoing action by amended complaint and the time for removal has expired with respect to the first-served defendant. See Phillips v. Corrections Corp. of America, 407 F. Supp. 2d 18, 20 -21 (D.D.C. 2005).

Jurisdictions have adopted three different approaches to calculating when the 30-day time period in this type of situation begins to run under 28 U.S.C. § 1446(b). See Phillips v. Corrections Corp. of America, 407 F. Supp. 2d at 20 -21 (discussing the various approaches). A majority of courts apply the "first-served" rule. See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254 (5th Cir.1988) (holding that later-served defendants cannot join in a removal petition more than 30 days after service on the first-served defendant). This rule has been criticized, however, on grounds that it enables plaintiffs purposely to overcome the legitimate removal rights of later-served defendants. See McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir.1992); see also Russell v. LJA Trucking Inc., 2001 WL 527411, at * 1-2 (E.D.N.Y. May 11, 2001) (rejecting "first-served rule"). At the other end of the spectrum is the "last-served rule," which is applied by a minority of courts. See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir.1999) (holding that later-served defendants have 30 days from the date of service on them to file a notice of removal even though the first-served defendants failed to effect a timely removal). This rule gives first-served defendants who opted not to remove a second chance. The final approach is an "intermediate rule" – and is sometimes referred to as the "McKinney Rule" – derived from the Fourth Circuit's

5

decision in McKinney v. Board of Trustees of Mayland Community College, 955 F.2d at 928. McKinney holds that the first-served defendant in an originally removable action must petition for removal within 30 days of service or else later-served defendants are prevented from removing the case; later-served defendants, however, have 30 days from their service date to join in an otherwise valid removal petition. Id.

Our circuit not having addressed this issue, the Court concludes that the McKinney intermediate rule is the best reasoned interpretation and application of Section 1446(b), as it is both fair to the later-served defendant and less prejudicial to plaintiffs – without giving the earlier-served defendants an undeserved second bite at the apple. In so concluding, the Court agrees with Judge Leon, who recently analyzed this issue. See Phillips v. Corrections Corp. of America, 407 F. Supp. 2d at 20 -21. Applying this rule to the instant set of facts, the Court concludes that the notice of removal filed by defendant Gotta Run is untimely. Defendant Williams elected not to file a notice of removal within 30 days, but, instead, to litigate the plaintiff's claims in Superior Court for two years, up to and including the completion of discovery and the setting of a trial date. The later-joined defendant, Gotta Run, LLC, cannot now remove the action, because under the McKinney rule, there is no otherwise valid petition for it to join. Accordingly, it is hereby

ORDERED that this case be REMANDED to the Superior Court of the District of Columbia; and it is

FURTHER ORDERED that the pending motion to dismiss [3] is denied without prejudice to it being refiled in Superior Court; and it is

FURTHER ORDERED that the Clerk of the Court shall remove this case from the docket of this Court.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 5, 2006